IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DAVID STEBBINS**                                                              **PLAINTIFF**

v.                            **Case No. 4:14-cv-00227-KGB**

**STATE OF ARKANSAS and**
**MIKE BEEBE, in his official capacity**
**as governor of Arkansas**                                    **DEFENDANTS**

## ORDER

Plaintiff David Stebbins proceeding *pro se* brings this action against the State of Arkansas and Mike Beebe in his official capacity as Governor of Arkansas (Dkt. No. 2). Along with the complaint, Mr. Stebbins submitted an application to proceed *in forma pauperis* (Dkt. No. 1). Based on Mr. Stebbins's application, he does not have the funds to pay the filing fee. Accordingly, the Court grants his application to proceed *in forma pauperis*. The Clerk of the Court shall prepare a summons directed to defendants. The U.S. Marshal for the Eastern District of Arkansas is directed to serve the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(3).

Also before the Court is plaintiff David Stebbins's motion to disqualify (Dkt. No. 3). A judge is required to disqualify herself "in any proceeding in which [her] impartiality might reasonably by questioned." 28 U.S.C. § 455(a). "The question is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992)

(citation omitted).  "[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified."  *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (citations omitted).

Mr. Stebbins takes issue with my previous affiliation with the law firm of Quattlebaum, Grooms, Tull & Burrow PLLC, which according to its website represents "governmental bodies," and my prior practice of First Amendment litigation (Dkt. No. 3, at 2).  He argues that, regardless of whether I previously represented government agencies or plaintiffs in such litigation, a reasonable person could believe that I cannot now impartially preside over a First Amendment action against a government agency.

Because neither my former law firm nor I were involved in the matter in controversy here, no actual bias may be found in this case under 28 U.S.C. § 455(b)(2).  Being far removed from a case in which actual bias may be found under section 455(b)(2) makes "even the appearance of bias improbable."  *Veneklase v. City of Fargo*, 236 F.3d 899, 901 (8th Cir. 2000).  Accordingly, the Court determines that a reasonable person with access to all the relevant facts would not question the Court's impartiality.  The Court will not recuse from this case.  Mr. Stebbins's motion for recusal is denied.

SO ORDERED this the 8th day of May, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE