IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID STEBBINS**                                                                 **PLAINTIFF**

v.                  **CASE NO: 4:14-227 KGB**

**STATE OF ARKANSAS**
**MIKE BEEBE, in his official capacity**
**as Governor of Arkansas**                                    **DEFENDANTS**

<u>**BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**</u>

The Defendants, State of Arkansas and Mike Beebe in his official capacity as Governor of Arkansas, submit this Brief in support of their Motion to Dismiss.

## I.  INTRODUCTION

On April 14, 2014, Plaintiff David Stebbins filed a Complaint against the State of Arkansas and its governor Mike Beebe. The statutory bases for the Complaint are the Americans with Disabilities Act and the Rehabilitation Act. The Complaint did not reference 42 U.S.C. § 1983, although it addressed the issue of qualified immunity. Plaintiff seeks injunctive relief and compensatory and punitive damages in the amount of $2,505,627,757,440.00. The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because the

Court lacks subject matter jurisdiction and the plaintiff has failed to state a claim.

## II. LEGAL ARGUMENT

### A. Standard of review

The Federal Rules of Civil Procedure provide for dismissal of a claim when the court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), or when a plaintiff fails to state a claim for which relief may be granted, Fed. R. Civ. P. 12(b)(6). Although the Court treats the facts alleged in the complaint as if they were true, *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001), a plaintiff's complaint must nonetheless be dismissed and judgment entered for the defendants, if the plaintiff's complaint is insufficient and the defendants are entitled to judgment as a matter of law. *Id.*

The Supreme Court has made clear that conclusory allegations by a plaintiff are not sufficient. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court ruled that the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 440 U.S. 544 (2007), a case involving antitrust issues, apply to all civil cases filed in the federal courts. *Iqbal*, 129 S. Ct. at 1949-52. Rule 8(a)(2) requires a

pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* at 512, *citing Conley v. Gibson*, 355 U.S. 41, 47 (1957). In *Iqbal*, the Court explained that Rule 8(a)(2) "does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quotations & citations omitted). The Court rejected pleadings that simply contain "labels and conclusions or a formulaic recitation of the elements of a cause of action" as well as "naked assertions devoid of further factual enhancement." *Id.* (quotations & citations omitted).

In *Iqbal*, the Court expressly rejected a "possibility" standard and reaffirmed the "plausibility" standard announced in *Twombly* by stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

> plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (quotations & citations omitted).

The Court articulated a two-part test for analyzing motions to dismiss. First, a court should identify all allegations that constitute conclusions because they are not entitled to the "assumption of truth." *Id.* at 1950. Second, a complaint must contain sufficient factual allegations that are assumed to be true and the court must determine, based on its judicial experience and common sense, whether those factual allegations "plausibly give rise to an entitlement for relief." *Id.* In sum, Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure impose definitive pleading standards that must be satisfied for a complaint to survive a motion to dismiss.

In assessing a motion to dismiss, this Court must accept the factual allegations in the complaint as true and hold Plaintiff, as a *pro se* litigant, "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). The liberal pleading standards, however, apply only to Plaintiff's

factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Despite Plaintiff's status as a *pro se* litigant, he must allege specific facts in his complaint that are sufficient to state a claim and not be merely conclusory allegations. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Dismissal of a lawsuit "serves to eliminate actions that are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Nietzke v. Williams*, 490 U.S. 319, 326-327 (1989). In the case at bar, the Plaintiff has failed to state claims, and the Complaint should be dismissed.

B.  **Plaintiff failed to state a claim under the Americans with Disabilities Act.**

In his attempt to state a cause of action under the Americans with Disabilities Act (ADA), Plaintiff failed to comply with the pleading requirements of the Federal Rules of Civil Procedure.

Plaintiff alleged that he suffered retaliation because of lawsuits he had filed alleging ADA violations. Plaintiff named as defendants the State of Arkansas and Governor Mike Beebe for allegedly "retaliating against Plaintiff's disability discrimination suits." *Doc 2, ¶ 39.* The

alleged retaliatory act taken by the State and Governor Beebe was Plaintiff's arrest in Boone County, Arkansas on November 24, 2011, for a "fabricated" charge of domestic battery after Plaintiff's altercation with his Father. *Doc. 2, ¶¶ 11, 54, 61.* Plaintiff did not identity whether the numerous discrimination suits that led to the alleged retaliation were brought pursuant to Title I, II, or III of the ADA; however, retaliation is prohibited under all three. 42 U.S.C. § 12203(a). The elements of a prima facie case for ADA retaliation in a non-employment context include (1) that the plaintiff engaged in protected activity, and the retaliator knew of the involvement, (2) that an adverse action was taken by the defendant, either during or after the protected activity, that was sufficient to deter a person of ordinary firmness from engaging in the protected activity, and (3) that a causal connection exists between the protected activity and the adverse action. *See Bradley ex rel. Bradley v. Arkansas Dep't of Educ.*, 443 F.3d 965 (8th Cir. 2006). Plaintiff failed to plead facts to satisfy the elements of a cause of action for ADA retaliation.

First, Plaintiff did not allege facts sufficient to show that he engaged in protected activity. The protected activity as alleged in the

Complaint is Plaintiff's "numerous lawsuits in the past" that were "unpopular with the government," in which he alleged ADA violations. *Doc. 2, ¶¶ 8, 9(a), 10.* The Complaint did not identify the alleged 'numerous' ADA lawsuits or against whom they were brought, or what government agency was allegedly displeased. The only lawsuit referenced in the Complaint is No. 12-3022 in the U.S. District Court for the Western District of Arkansas.[1] *Doc. 2, ¶ 54.* The bulk of the current Complaint is a description of Plaintiff's experience during his arrest and incarceration. Plaintiff alleged that a jailer "went out of his way to make Plaintiff go batshit insane." *Id.* He alleged that his rights were violated in numerous ways including a "frivolous accusation of disorderly conduct," the arresting officer's ignoring his offer of exculpatory evidence, the inability to move/dress/ eat/speak, as well as torture and traumatization by the jail guards. *Doc. 2, ¶¶ 68, 10, 49, 54, 55.* However, Plaintiff did not assert that his 2012 lawsuit alleged a violation of the ADA. Plaintiff simply has not pled any ADA protected activity. Moreover, even assuming that Plaintiff's 2012 lawsuit was protected activity for purposes of an ADA retaliation claim, Plaintiff

---

[1] The case is *Stebbins v. Boone County, Arkansas and Sheriff Danny Hickman*, case no. 3:12-cv-3022.

failed to allege that 'the retaliator knew of the involvement.' There is no allegation that the Governor or the State had any knowledge of Plaintiff's lawsuit against Boone County and its sheriff.

Second, Plaintiff failed to allege 'that an adverse action was taken by the defendant.' The allegation is that Plaintiff's arrest was a retaliatory act, but there are no facts indicating that the State of Arkansas was responsible, and certainly not the Governor. To the contrary, according to the Complaint and its reference to Plaintiff's pending lawsuit, it was not the State or the Governor that took adverse action against the Plaintiff. Rather, the Boone County Sheriff's Department made the arrest. Plaintiff acknowledged that his complaint is with Boone County. *Doc. 2, ¶ 61* ("[A]dmittedly, this is the sort of thing only Boone County would normally be liable for.").

Finally, Plaintiff has not alleged any facts that would support the causation element. To the contrary, the alleged protected activity identified in the Complaint, Plaintiff's lawsuit, was filed in 2012. *Doc. 2, ¶ 54*. The alleged retaliatory action, Plaintiff's arrest, was November 24, 2011. *Doc. 2, ¶ 11*. Therefore, Plaintiff's arrest could not have been in retaliation for his lawsuit not yet filed.

After a thorough review of the Complaint, the only facts as alleged by the Plaintiff are:

- Plaintiff was arrested in Boone County on November 24, 2011, for domestic battery.  *Doc. 2, ¶¶ 11, 54*

- Plaintiff was incarcerated for 165 days.  *Doc. 2, ¶ 48*

- The charges against Plaintiff were dismissed in April, 2014.  *Doc. 2, ¶ 12*

- Plaintiff has filed numerous lawsuits in the past alleging discrimination in violation of the Americans with Disabilities Act.  *Doc. 2, ¶¶ 8, 9(a)*

Taken individually or as a group, these facts do not state a claim against the State of Arkansas or Governor Beebe for ADA retaliation.

Plaintiff asserts that his 2011 arrest and incarceration were unlawful retaliation.  Even construing Plaintiff's allegations liberally, the Complaint consists of nothing more than *de minimis* legal conclusions.  Courts must not presume the truth of legal conclusions couched as factual allegations. *Papasan v. Allain*, 477 U.S. 265, 286 (1986).  The facts as alleged are not sufficient to state a claim for ADA retaliation.

## C. Plaintiff failed to state a claim under the Rehabilitation Act.

Plaintiff also cited the Rehabilitation Act as the basis for his claim. Section 504 of the Rehabilitation Act applies when the entity receives federal funding. The anti-discrimination provision of the Rehabilitation Act incorporates the anti-retaliation provision of the ADA. 29 U.S.C. § 794(a) and (d). Therefore, the prima facie case for retaliation under the Rehabilitation Act is the same as that under the ADA. *See Allison v. Dep't.of Corrections*, 94 F.3d 494, 497 (8th Cir. 1996) (cases interpreting ADA and Rehabilitation Act are interchangeable). Defendants incorporate by reference the ADA argument as set forth above. Accordingly, Plaintiff has failed to state a claim under the Rehabilitation Act.

## D. Plaintiff failed to state a claim under 42 U.S.C. § 1983.

The Complaint did not reference 42 U.S.C. § 1983. While it devoted several paragraphs to the issue of qualified immunity, the Complaint named Governor Beebe only in his official capacity. To the extent Plaintiff's Complaint attempted to allege a constitutional violation against the State of Arkansas and Governor Beebe in his

official capacity pursuant to Section 1983, the Complaint must be dismissed for failure to state a claim.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).

Eleventh Amendment immunity bars the claim against the State of Arkansas. The United States Supreme Court has specifically held that Congress did *not* abrogate the Eleventh Amendment in passing Section 1983. *Quern v. Jordan*, 440 U.S. 332, 339-45 (1979)(affirming the Court's holding in *Edelman v. Jordan*, 415 U.S. 651 (1974), that Congress did not abrogate the Eleventh Amendment in passing 42 U.S.C. § 1983). Thus, the Court lacks subject matter jurisdiction to hear any Section 1983 claim against the State of Arkansas, and such claims should be dismissed.

The case must be dismissed also because the State is not a person. Section 1983 creates a cause of action against "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). In addition to the bar presented by the Eleventh Amendment, the Plaintiff cannot state a claim against the State of Arkansas because the State is not a "person" within the meaning of Section 1983. *Quern v. Jordan*, 440 U.S. at 345. Nor can a Section 1983 suit be asserted against Governor Beebe in his official capacity, because such suit is no different from a suit against the State itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Additionally, to the extent Plaintiff is attempting to maintain a Section 1983 action based on allegations underlying the ADA and Rehabilitation Act claims, the claim must be dismissed. *In David v. Francis Howell Sch. Dist.*, 104 F.3d 204 (8th Cir. 1997) the Eighth Circuit explained that "the comprehensive enforcement mechanisms provided under § 504 and the ADA suggest Congress did not intend

violations of those statutes to be also cognizable under § 1983." *Id*. at 206.

## III.  CONCLUSION

For all the reasons stated herein, Defendants respectfully request that the Complaint be dismissed in its entirety with prejudice and the Court award all other relief it deems just and proper.

Respectfully submitted,

DUSTIN MCDANIEL
Attorney General of Arkansas

By: /s/ *Regina Haralson*
Regina Haralson, Ark. Bar No. 93020
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center St., Suite 800
Little Rock, AR 72201
Phone: (501) 682-8228
Fax: (501) 682-2591
Email:  regina.haralson@arkansasag.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I caused a copy of the foregoing Motion to Dismiss to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following address:

>David Stebbins
>123 W. Ridge St.
>Apt. D
>Harrison, AR   72601

/s/ Regina Haralson