

FILED
EASTERN DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 6 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**DAVID STEBBINS**                                                                        **PLAINTIFF**

**VS**                         **CASE NO. 4:14-cv-227-KGB**

**STATE OF ARKANSAS**                                          **DEFENDANTS**
**MIKE BEEBE, in his official capacity**
**as Governor of Arkansas**

## RESPONSE IN OPPOSITION TO MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR LEAVE TO AMEND PLEADING

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Response in Opposition to Doc. 8, Defendant's Motion to Dismiss, as well as Doc. 9, Defendant's Brief in Support Thereof.

### Amendment of Pleading

1. Although Plaintiff would ideally prefer the Motion to Dismiss to simply be denied, Plaintiff will state this portion of his motion first, just so the Court will review the rest of this Response with this information in mind.

2. The Defendant's entire motion to dismiss – to the extent that it responds to things actually listed in the Complaint[1] – is based on how the Plaintiff simply did not give the level of detail in the Complaint that they would ideally like.

3. Despite the purely technical deficiencies that the Defendants allege, they nevertheless ask the Court to dismiss the Complaint "in its entirety with prejudice" (see Doc. 8, Page 3 and Doc. 9, Page 13).

---

[1] Plaintiff declines to respond to Section II, Subsection D of the Defendant's Brief (starting at the bottom of Page 10 and continuing onto Page 13), since Plaintiff never raised a Section 1983 claim in this case, specifically because he concedes that the 11th Amendment bars suit under that cause of action. Indeed, Plaintiff even flatly admitted this in his own Complaint; see ¶ 21 "Although the State is immune from suit for [First Amendment retaliation] claims..."

4.      Even assuming, for the sake of argument, that Plaintiff's factual allegations are deficient for lack of detail (more on that later), Plaintiff is still entitled an opportunity to amend his complaint before it is dismissed. See *Sanders v. Clemco Industries*, 823 F.2d 214 (8th Cir. 1987) (reversing for abuse of discretion where the Court did not give the plaintiff an opportunity to amend the complaint to cure its purely technical defects).

5.      The precedent extends far beyond the Eighth Circuit. See also ...

(a)     *Noll v. Carlson*, 809 F. 2d 1446, 1448 (9th Cir. 1987) ("pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment");

(b)     *Donald v. Cook County Sheriff's Dept.*, 95 F. 3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim.")

(c)     *Wigglesworth v. Mauldin*, 990 P.2d 26, 33 (Ariz. Court of Appeals, 1999) ("Before the trial court grants a Rule 12(b)(6) motion to dismiss, the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects").

6.      Last but not least, see *Foman v. Davis*, 371 US 178 (1962). Whereas the previously cited precedents were from appellate courts, this precedent comes from the Highest Court in the Land. In this precedent, the Court stated, in pertinent part, the following:

> "Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

7. In light of all this precedent, the Defendants are clearly in the wrong when they ask for the Cour to dismiss the complaint "in its entirety with prejudice."

8. In the event that the following arguments prove unpersuasive and the Court believes that Plaintiff's complaint still lacks sufficient detail, Plaintiff asks that the Court provide Plaintiff with an opportunity to amend his complaint.

9. In providing this relief, Plaintiff asks that the Court state, with specificity, the details that it wants Plaintiff to provide. Specifically, Plaintiff asks that the Court state, with specificity, the reasons why, despite the upcoming arguments, Plaintiff's Complaint still alleges insufficient detail.

## Plaintiff has alleged sufficient detail.

10. The first thing the Defendant complain as deficient is that Plaintiff apparently never stated specifically what lawsuits he had filed.

11. There is a good reason for that: Plaintiff's lawsuits are *public record*! The Defendants have no excuse – other than laziness – for not looking them up.

12. If the Defendants are complaining that Plaintiff never specified which lawsuits prompted the adverse action, well then, the answer to that question is... all of them. Plaintiff has filed a large number of lawsuits, and the Defendants wanted to coerce Plaintiff into stopping his lawsuits. It was Plaintiff's lawsuit history *in general* which sparked the adverse action.

13. Plaintiff does not know WHY the government disagrees with the lawsuits he has filed;

Plaintiff cannot read minds. However, prosecuting attorney Wes Bradford has made it abundantly clear that he despises Plaintiff because Plaintiff has filed these lawsuits. The exact reason why he despises Plaintiff is irrelevant.

14.     The mere fact that the Defendants did not understand what Plaintiff iterated in Paragraph #12 of this Response is NOT grounds for dismissal of the Complaint "in its entirety with prejudice." The Defendants may be entitled to a more definite statement, should they have chosen to file THAT motion under Fed. R. Civ. P. 12(e) (as was requested in Paragraphs #1 – 9 of this Response), but instead, they elected to ask the Court to dismiss the case "in its entirety with prejudice" under Fed. R. Civ. P. 12(b)(6), clearly done in an attempt to bar Plaintiff's court access rather than a resolution on the merits.

15.     Secondly, starting on Page 7, Line 15 of the Brief, the Defendants state that Plaintiff never alleged that the lawsuits ever alleged any violations of the ADA. For a party who claims to have conducted "a thorough review of the Complaint[2]," they seem to have missed some important portions of the Complaint. Paragraph 9(a) of the Complaint very clearly alleges precisely what the Defendants say that Plaintiff did not allege.

16.     Next, the Defendants say that Plaintiff has failed to allege "that the retaliator knew of the involvement." This is patently false and completely frivolous; Plaintiff very clearly did state this.

17.     The Complaint very clearly alleges that prosecuting attorney – representing the interests of the State of Arkansas – directly participated in the conspiracy, in that he is the one who initiated and prosecuted the criminal proceedings, and the one who attempted to coerce Plaintiff into a plea agreement where he agreed to not dismiss all his lawsuits and not file any more.

---

2   Starting on Page 9 of the Brief.

18.  Because Wes Bradford – acting as counsel for the State of Arkansas – participated in the conspiracy, the State is therefore liable. "It is a well-established principle that a party is responsible for the actions and conduct of his or her counsel." See *Comiskey v. JFTJ CORP.*, 989 F. 2d 1007, 1010 (8th Cir. 1993). *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir.1992). *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F. 2d 236, 241 (8th Cir. 1977).

19.  It is, therefore, very safe to say that the Defendants "knew of the involvement."

20.  The next alleged deficiency that the Defendant complains about is that "Plaintiff failed to allege 'that an adverse action was taken by the defendant.'" See Page 8, Line 4 of the Brief. Their accusation is based on the assumption that the adverse action that Plaintiff complains of was the arrest alone.

21.  This is just as patently frivolous as all the other accusations levied against Plaintiff: The Complaint *very clearly* alleges that the adverse action was the initiation and prosecution of baseless criminal proceedings when the prosecuting attorney plainly knew that those proceedings lacked merit, for the express purpose of coercing Plaintiff into dismissing his lawsuits.

   (a)  "There was nothing even facially legitimate about their coercion; it was simply 'stop filing lawsuits we disagree with, or go to prison. Pick your poison.'" ¶ 11.

   (b)  "[T]he proceedings were not about any domestic battery dispute and they never were." ¶ 12. (Note: Because this statement implicates the State in the conspiracy, because if the prosecuting attorney, even for a split second, maintained the proceedings with the intention of punishing a domestic batterer for his battery, then that refutes Plaintiff's arguments that they "never were" about a domestic dispute).

   (c)  "the whole purpose for bringing even the initial criminal proceedings in the first place was to give the government artificial leverage to coerce the [Plaintiff] into waiving unrelated

rights." ¶ 31.

    (d)    "[T]hey proceeded to fabricate charges (which eliminates prosecutorial immunity) and give Plaintiff a taste of incarceration so they could threaten to lock Plaintiff up for sev-0eral years unless Plaintiff agreed to not file any more lawsuits they disagreed with." ¶ 85(c).

22.    Keep in mind that only the State can initiate criminal proceedings. See Arkansas Rule of Criminal Procedure 1.5: "All prosecutions for violations of the criminal laws of this state shall be in the name of the State of Arkansas…" Thus, simply by nature of Plaintiff mentioning "criminal proceedings" in his Complaint, this necessarily implicates the State, not the County.

23.    This clearly constitutes an "adverse action." After all, if the prosecuting attorney had chosen to not file charges, Plaintiff would not have spent 165 days in jail; he would have only spent about two or three. Thus, the prosecutor's decision to press charges – ON BEHALF OF THE STATE – is just as much an "adverse action" as the County's decision to arrest Plaintiff.

24.    Plaintiff understands that the Defendants will deny that the charges were filed for any retaliatory purpose. He gets that. That, however, is a question for resolution on the merits, not insufficiency of pleadings.

25.    Lastly, the Defendants state that Plaintiff has failed to allege the element of causation.

26.    Although the Defendants correctly reason that an arrest or criminal proceeding cannot possibly be done in retaliation to something that happened after the proceedings began (see *Shaver v. Independent Stave Co.*, 350 F. 3d 716, 724 (8th Cir. 2003), using the exact word "straightforward" to describe the logic), they are still frivolous, as an issue of *fact*, because Plaintiff very clearly stated, in his complaint, that it was all of his lawsuits *prior to* the commencement of the action that sparked it. Anyone who actually *read* the Complaint would know this.

27. So, as you can see, every single issue that the Defendants complain about is either patently false, or moot to begin with because Plaintiff never alleged anything of the sort.

### Governor Beebe is an appropriate Defendant

28. Although Plaintiff has previously said that he would not respond to the Defendant's arguments that they are immune from suit for damages, Plaintiff does feel that he needs to address this matter insofar as he actually does list Governor Beebe as a co-Defendant.

29. Beebe is a Defendant so that Plaintiff can, if he secures a jury verdict in his favor, turn around at petition the Court for an injunction to cease and desist the State's custom of ignoring prosecutorial misconduct (because, again, that is the adverse action, not merely the arrest itself). Plaintiff requested this relief in ¶¶ 73 – 83 of his Complaint.

30. Obviously, Governor Beebe would be immune from suit for *damages*, but he certainly can be subject to prospective injunctive relief under *ex parte Young*, 209 US 123 (1908).

31. As a result, Governor Beebe is an appropriate witness.

### Conclusion

32. In conclusion, the Defendants, because they realize that a trial on the merits would render them bankrupt, have asked the court to dismiss this complaint "in its entirety with prejudice" based on alleged lack of detail that can very very easily be recitified by complaint.

33. Even so, the allegations are sufficient.

   (a) Plaintiff did not meticulously state each and every lawsuit because he felt there was no need, seeing as how his litigation history is public record. If the Court believes that these lawsuits need to be individually mentioned, simply award the relief requested in Paragraph #1 – 9 of this Response, and Plaintiff will do so.

   (b) Plaintiff did indeed state that his lawsuits were for ADA discrimination.

(c) The Complaint very clearly alleges that the State of Arkansas, acting by and through their counselor Wes Bradford, initiated and prosecuted baseless criminal proceedings for the sole purpose of coercing Plaintiff into dismissing his lawsuits.

(d) Since only the State may initiate and prosecute criminal proceedings – see Arkansas Rule of Criminal Procedure 1.5 – that means that the State – not just the County – has indeed engaged in an "adverse action" against Plaintiff.

(e) Although the Defendants will no doubt deny that their counselor acted with retaliatory animus, that is a question for resolution on the merits, not a Motion to Dismiss the complaint "in its entirety with prejudice" simply for lack of detail.

(f) No moron who can read at a fifth grade level would look at Plaintiff's Complaint and actually think that he was alleging that the arrest alone, and not the entire criminal proceedings, were the adverse action he spoke of, nor would any moron whocan read at a fifth grade level look at the Complaint and actually think that he was alleging that it was the 2012 Boone County lawsuit which purportedly sparked the retaliatory arrest.

34. Wherefore, premises considered, Plaintiff respectfully requests that the Motion to Dismiss be denied, or at the very least, that Plaintiff be given an opportunity to correct any deficiciencies which may exist in the Complaint before it is dismissed.

35. So requested on this, the 12th day of June, 2014.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I caused a copy of the foregoing Response in Opposition to [008] Motion to Dismiss, to be served upon Defense Counsel Regina Haralson by allowing her to view the ECF update, pursuant to AR Local Rule 5.2.

*/s/ David Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com