UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID STEBBINS                                               PLAINTIFF

VS                      CASE NO. 4:14-cv-227-KGB

STATE OF ARKANSAS                                            DEFENDANTS
MIKE BEEBE, in his official capacity
as Governor of Arkansas

### AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MORE DEFINITE STATEMENT

Comes now, *pro se* Plaintiff David Stebbins, who, pursuant to his right under Fed.R.Civ.P. 15(a) and in response to the Defendant's complaint that Plaintiff's Complaint does not contain enough information (see Doc. 9), hereby offers the following amendment to his Complaint:

**Preliminary Issues**

1.      Before Plaintiff begins, he wishes to make a few things clear:

2.      First, AR Local Rule 5.5(e) specifically entitles *pro se* Plaintiffs to amend their pleadings by simply filing a separate document stating what their amendments are. Plaintiff will, in this case, invoke this Rule. The amendments he wishes to make to his Complaint are listed in ¶¶ 7 - ## of this Filing.

3.      Second, Plaintiff's filing of this Amended Complaint does NOT count as a concession that the Defendant's Motion to Dismiss has merit. Plaintiff stands by his arguments contained in ¶¶ 10 – 27 of [013] Plaintiff's Response in Opposition to [008] Defendant's Motion to Dismiss. Rather, Plaintiff's purpose for humoring the Defendant on the apparent lack of clarification in Plaintiff's original Complaint is to hopefully expedite this proceeding. Hopefully, if Plaintiff provides this clarification, the grounds stated in the Defendant's Motion to Dismiss could be

rendered moot, and we can get this show on the road.

4.  Third, by filing this Amended Complaint, Plaintiff is NOT withdrawing [014] Plaintiff's Second Motion for Sanctions. The Defendants were frivolous in arguing that a mere lack of detail was grounds for dismissal of the Complaint "in its entirety with prejudice," and they need to be deterred from making such frivolous arguments in the future. It is a matter of principal.

5.  Fourth, now that Plaintiff has humored the Defendant by filing a More Definite Statement, the Defendants have, as of the date that this More Definite Statement is uploaded to PACER, fourteen (14) days to file their Answer to Amended Complaint. See

6.  With this said, on with the Amended Complaint:

### Element of "protected activity."

7.  The first detail the Defendants claim that Plaintiff's Complaint lacks is thus:

    "The Complaint did not identify the alleged 'numerous' ADA lawsuits or against whom they were brought, or what government agency was allegedly displeased."

8.  Plaintiff, in the hopes of expediting this litigation, Plaintiff asserts the following:

9.  Plaintiff's lawsuits alleging violations of the Americans with Disabilities Act, are set forth in the a table that is hereby attached as Exhibit A, which sets forth A) the name(s) of the Defendant(s) in those cases, B) the dates they were filed, C) the case numbers, D) the Courts they were filed in, E) whether the claims for were for violations of Title I, II, or III of the Americans with Disabilities Act, or if they were for Section 503 of the Americans with Disabilities Act, F) why Plaintiff believes that these lawsuits were filed in good faith (which is required, as Plaintiff pointed out in Paragraph #17 of his original Complaint).

10. Plaintiff hereby incorporates the contents of that two-page table by reference, and asserts that those allegations suffice to establish the element of "protected activity."

### Element of "adverse action"

11. Next, the Defendants complain that Plaintiff purportedly failed to allege the element of "adverse action." Their exact words were thus:

> "Plaintiff failed to allege 'that an adverse action was taken by the defendant.' The allegation is that Plaintiff's arrest was a retaliatory act, but there are no facts indicating that the State of Arkansas was responsible, and certainly not the Governor. To the contrary, according to the Complaint and its reference to Plaintiff's pending lawsuit, it was not the State or the Governor that took adverse action against the Plaintiff. Rather, the Boone County Sheriff's Department made the arrest. Plaintiff acknowledged that his complaint is with Boone County. Doc. 2, ¶ 61 ('[A]dmittedly, this is the sort of thing only Boone County would normally be liable for.')."

12. In the hopes of expediting this litigation, Plaintiff will humor the Defendants on this issue and hereby clarifies what the Original Complaint already stated: that the "adverse action" which the State is liable for is not the arrest, but the criminal proceedings initiated and maintained by prosecuting attorney Wes Bradford that followed.

13. See, were it not for Wes Bradford's decision, on November 28, 2011, to file a criminal complaint in the Boone County Circuit Court, Plaintiff would have been *released* from jail almost as quickly as he was brought there. Boone County may have placed Plaintiff in jail, but it was the actions of the State which kept him there.

14. Because Wes Bradford was representing the State of Arkansas in that case, the State is liable to the same extent Wes Bradford himself would be liable, provided that they are not immune from suit. "A party [and the State is no different] chooses counsel at his or peril. Counsel's disregard of his or her professional responsibilities can lead to extinction of his or her client's claims. It is a well-established principle that a party is responsible for the actions and conduct of his or her counsel." See *Boogaerts v. Bank of Bradley*, 961 F. 2d 765, 768 (8th Cir. 1992); *Comiskey v. JFTJ CORP.*, 989 F. 2d 1007, 1010 (8th Cir. 1993); *Link v. Wabash R. Co.*,

370 US 626 (1962).

15. The State is not immune from suit. They have neither 11th Amendment immunity (see *Tennessee v. Lane*, 541 US 509 (2008)) nor prosecutorial immunity (see *McGhee v. Pottawattamie County, Iowa*, 547 F. 3d 922 (8th Cir. 2008)).

### Element of "causal connection"

16. Last but not least, the Defendant complains about the following:

> "Finally, Plaintiff has not alleged any facts that would support the causation element. To the contrary, the alleged protected activity identified in the Complaint, Plaintiff's lawsuit, was filed in 2012. Doc. 2, ¶ 54. The alleged retaliatory action, Plaintiff's arrest, was November 24, 2011. Doc. 2, ¶ 11. Therefore, Plaintiff's arrest could not have been in retaliation for his lawsuit not yet filed."

17. In the hopes of expediting this litigation, Plaintiff reiterates that it is the lawsuits listed in the attached exhibit – not the 2012 Boone County lawsuit – which Wes Bradford (acting on behalf of the State of Arkansas*) was retaliating against.

18. Bradford's initiation of criminal proceedings – as set forth in ¶¶ 11-15 (and done on behalf of the State of Arkansas*) – were 100% pretextual. He never once cared about the domestic battery; he instead saw it as a means to an end: That end being ... coercing Plaintiff into ending his litigation practices.

19. Since the attached Exhibit only lists Plaintiff's history of ADA discrimination claims *as of November 2011* (which was the month Plaintiff was arrested), it is entirely possible, despite the Defendants' claims to the contrary, for Wes Bradford – in his official capacity as Representative of the State of Arkansas (please remember Paragraph #14) - to hold a vendetta against Plaintiff for these lawsuits.

---

\* Please remember Paragraph #14.
\* Please remember Paragraph #14.

20.   This pleading sufficiently alleges the element of "causal connection."

## Conclusion

21.   Plaintiff has already, once before, alleged sufficient facts to state a claim upon which relief can be granted. The Defendants were simply frivolous in their attempts to say otherwise (see ¶¶ 3 & 4 of this Amended Complaint), but for the sake of hopefully getting this case moving, Plaintiff has clarified, once again, what he is accusing the Defendant of doing.

22.   Wherefore, premises considered, Plaintiff requests that the Court ...

   (a)   ... deny the Defendant's Motion to Dismiss (or at the very least, strike it as moot, as this Amended Complaint should resolve any errors that may or may not even exist),

   (b)   ... award Plaintiff all the relief he requested in his Original Complaint,

   (c)   ... award costs incurred, and

   (d)   ... any other relief to which he may be entitled.

23.   So requested on this, the 17th day of June, 2014.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I caused a copy of the foregoing Amended Complaint to be served upon Defense Counsel Regina Haralson by allowing her to view the ECF update, pursuant to AR Local Rule 5.2.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com