IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID STEBBINS**                                                    **PLAINTIFF**

v.                            CASE NO: 4:14-227 KGB

**STATE OF ARKANSAS**
**MIKE BEEBE, in his official capacity**
**as Governor of Arkansas**                              **DEFENDANTS**

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

The Defendants, State of Arkansas and Mike Beebe in his official capacity as Governor of Arkansas, submit this Brief in support of their Motion to Dismiss the Amended Complaint.

### I. INTRODUCTION

On April 14, 2014, Plaintiff David Stebbins filed a Complaint against the State of Arkansas and its governor Mike Beebe. The statutory bases for the Complaint were the Americans with Disabilities Act and the Rehabilitation Act. Defendants filed a motion to dismiss the Complaint. *Doc. 8.* Plaintiff responded to the motion and subsequently filed a supplement to the response. *Docs. 10 and 13.* Before the Court ruled on the motion, Plaintiff filed an Amended Complaint or, in the Alternative, More Definite Statement on June 20,

2014 . *Doc. 14*. The Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff has failed to state a claim.

## II. LEGAL ARGUMENT

### A. Standard of review

The Federal Rules of Civil Procedure provide for dismissal of a claim when a plaintiff fails to state a claim for which relief may be granted, Fed. R. Civ. P. 12(b)(6). Although the Court treats the facts alleged in the complaint as if they were true, *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001), a plaintiff's complaint must nonetheless be dismissed and judgment entered for the defendants, if the plaintiff's complaint is insufficient and the defendants are entitled to judgment as a matter of law. *Id*.

The Supreme Court has made clear that conclusory allegations by a plaintiff are not sufficient. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court ruled that the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 440 U.S. 544 (2007), a case involving antitrust issues, apply to all civil cases filed in the federal courts. *Iqbal*, 129 S. Ct. at 1949-52. Rule 8(a)(2) requires a

pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* at 512, *citing Conley v. Gibson*, 355 U.S. 41, 47 (1957). In *Iqbal*, the Court explained that Rule 8(a)(2) "does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quotations & citations omitted). The Court rejected pleadings that simply contain "labels and conclusions or a formulaic recitation of the elements of a cause of action" as well as "naked assertions devoid of further factual enhancement." *Id.* (quotations & citations omitted).

In *Iqbal*, the Court expressly rejected a "possibility" standard and reaffirmed the "plausibility" standard announced in *Twombly* by stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

> plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (quotations & citations omitted).

The Court articulated a two-part test for analyzing motions to dismiss. First, a court should identify all allegations that constitute conclusions because they are not entitled to the "assumption of truth." *Id.* at 1950. Second, a complaint must contain sufficient factual allegations that are assumed to be true and the court must determine, based on its judicial experience and common sense, whether those factual allegations "plausibly give rise to an entitlement for relief." *Id*. In sum, Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure impose definitive pleading standards that must be satisfied for a complaint to survive a motion to dismiss.

In assessing a motion to dismiss, this Court must accept the factual allegations in the complaint as true and hold Plaintiff, as a *pro se* litigant, "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). The liberal pleading standards, however, apply only to Plaintiff's

factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Despite Plaintiff's status as a *pro se* litigant, he must allege specific facts in his complaint that are sufficient to state a claim and not be merely conclusory allegations. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Dismissal of a lawsuit "serves to eliminate actions that are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Nietzke v. Williams*, 490 U.S. 319, 326-327 (1989). In the case at bar, the Plaintiff has failed to state claims, and the Complaint should be dismissed.

B. **Plaintiff failed to state a claim under the Americans with Disabilities Act.**

Plaintiff alleged in his original Complaint and Amended Complaint that Boone County law enforcement officers chose to arrest him, and the prosecuting attorney chose to engage in criminal proceedings against him – all in retaliation for Plaintiff's having filed a large number of lawsuits. *Doc. 2, ¶ 39, Doc. 10, ¶ 12, Doc. 14, ¶ 12.* In his attempt to state a cause of action for retaliation under the Americans with Disabilities Act (ADA), Plaintiff failed to comply with

the pleading requirements of the Federal Rules of Civil Procedure and cannot state a claim.

The ADA provides that an individual cannot be retaliated against because he has "opposed any act or practice made unlawful" by the ADA. 42 U.S.C. § 12203 (a). The elements of a prima facie case for ADA retaliation in a non-employment context include (1) that the plaintiff engaged in protected activity, and the retaliator knew of the involvement, (2) that an adverse action was taken by the defendant, either during or after the protected activity sufficient to deter a person of ordinary firmness from engaging in the protected activity, and (3) that a causal connection exists between the protected activity and the adverse action. *See Bradley ex rel. Bradley v. Arkansas Dep't of Educ.*, 443 F.3d 965 (8th Cir. 2006). Plaintiff has not stated a cognizable claim for retaliation under the ADA.

First, Plaintiff cannot show he engaged in protected activity for purposes of an ADA retaliation claim. A plaintiff engages is protected activity when he opposes any act or practice that the ADA makes unlawful. 42 U.S.C. § 12203 (a). The original Complaint alleged as protected activity Plaintiff's numerous lawsuits. *Doc. 2, ¶¶ 8, 9(a), 10.*

In his response to Defendants' motion to dismiss, Plaintiff again alleged as protected activity lawsuits filed prior to the arrest. *Doc. 10, ¶ 26.* Plaintiff attempted to show the lawsuits constituted protected activity by referring to a list of identified as Exhibit A attached to the Amended Complaint. *Doc. 14, ¶ 9.* There was no Exhibit A attached to the Amended Complaint. Plaintiff has not shown he engaged in activity that would trigger ADA protection, and therefore, failed to state a retaliation claim.

Even if Plaintiff established that he filed lawsuits opposing ADA violations, he did not allege that any Defendant had knowledge of his lawsuits. To show that Defendants had such knowledge, Plaintiff directed the Court to paragraph 9(a) of his Complaint, which Plaintiff asserted "very clearly alleges precisely what the Defendants say that Plaintiff did not allege." *Doc. 10, ¶ 15.* However, paragraph 9(a) of the Complaint simply states:

> (a)   Almost all of these lawsuits were either for discrimination in violation of the Americans with Disabilities Act (specifically, failure to provide reasonable accommodations for Plaintiff's Asperger Syndrome), or for Retaliation in violation of Section 503 of the Americans with Disabilities Act, which places them squarely within the protection of Section 503 of the Americans with Disabilities Act.

*Doc. 2, ¶ 9(a)*.  This does not provide any factual basis to establish that defendants had knowledge of Plaintiff's alleged lawsuits.  Plaintiff has provided no facts to support an essential element of a retaliation claim – that the retaliator knew of the protected activity. Therefore, the Complaint and Amended Complaint fail to properly state a claim for ADA retaliation.

Even if plaintiff had properly alleged that he engaged in protected activity and Defendants knew about the protected activity, there are no facts alleged to establish the element of causation.  Plaintiff has not alleged any fact beyond the fact that he filed lawsuits prior to his arrest.  There are no factual allegations to state a plausible claim that defendants acted *because of* plaintiff's lawsuits.  Plaintiff states that his arrest and incarceration were due to his litigious activity; however, mere conclusory statements are insufficient to state a cognizable claim. *Iqbal*, 129 S. Ct. at 1949.  Plaintiff has provided no facts to support the conclusion that his arrest and resulting proceedings were based on any intent to retaliate against him, as opposed to being based on the conduct for which he was arrested (domestic battery).  To state a claim for retaliation, Plaintiff must come forth with facts other than one

action followed the other. Plaintiff has done nothing more than simply *allege* retaliation, which is insufficient to establish a plausible causal connection.

The Complaint and the Amended Complaint allege the following facts:

- Plaintiff was arrested in Boone County on November 24, 2011, for domestic battery. *Doc. 2, ¶¶ 11, 54*

- Plaintiff was incarcerated for 165 days. *Doc. 2, ¶ 48*

- The charges against Plaintiff were dismissed in April, 2014. *Doc. 2, ¶ 12*

- Plaintiff has filed numerous lawsuits in the past alleging discrimination in violation of the Americans with Disabilities Act. *Doc. 2, ¶¶ 8, 9(a)*

Taken individually or as a group, these facts do not state a claim against the State of Arkansas or Governor Beebe for ADA retaliation. Even construing Plaintiff's allegations liberally, the Complaint and Amended Complaint consist of nothing more than legal conclusions, for example, "Bradford's initiation of criminal proceedings … were 100% pretextual." *Doc. 14, ¶ 18*.  Courts must not presume the truth of legal conclusions couched as factual allegations. *Papasan v. Allain*, 477 U.S.

265, 286 (1986). The facts as alleged are not sufficient to state a claim for ADA retaliation.

C. **Plaintiff failed to state a claim under the Rehabilitation Act.**

Plaintiff also cited the Rehabilitation Act as the basis for his claim. Section 504 of the Rehabilitation Act applies when the entity defendant receives federal funding. The anti-discrimination provision of the Rehabilitation Act incorporates the anti-retaliation provision of the ADA. 29 U.S.C. § 794(a) and (d). Therefore, the prima facie case for retaliation under the Rehabilitation Act is the same as that under the ADA. *See Allison v. Dep't. of Corrections*, 94 F.3d 494, 497 (8th Cir. 1996)(cases interpreting ADA and Rehabilitation Act are interchangeable). Defendants incorporate by reference the argument for dismissal of the ADA retaliation claim as set forth above. Accordingly, Plaintiff has failed to state a claim under the Rehabilitation Act.

D. **42 U.S.C. § 1983.**

In their motion to dismiss the original complaint, Defendants addressed plaintiff's discussion of qualified immunity. Because qualified immunity was not a subject of the Amended Complaint,

Defendants assume that Section 1983 is not at issue.  However, to the extent any such claim is asserted, Defendants incorporate by reference the argument for dismissal in the motion to dismiss and brief in support filed previously, Docs. 8 and 9.

### III.  CONCLUSION

For all the reasons stated herein, Defendants respectfully request that the Complaint and the Amended Complaint be dismissed and that the Court award all other relief it deems just and proper.

Respectfully submitted,

DUSTIN MCDANIEL
Attorney General of Arkansas

By: /s/ *Regina Haralson*
Regina Haralson, Ark. Bar No. 93020
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center St., Suite 800
Little Rock, AR 72201
Phone: (501) 682-8228
Fax: (501) 682-2591
Email:  regina.haralson@arkansasag.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I caused a copy of the foregoing Motion to Dismiss to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following address:

>David Stebbins
>123 W. Ridge St.
>Apt. D
>Harrison, AR  72601

/s/ Regina Haralson