UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID STEBBINS                                                    PLAINTIFF

VS                          CASE NO. 4:14-cv-227-KGB

STATE OF ARKANSAS                                                 DEFENDANTS
MIKE BEEBE, in his official capacity
as Governor of Arkansas

### RESPONSE IN OPPOSITION TO [015] MOTION
### TO DISMISS AMENDED COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Response in Opposition to the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 14).

### Recap of Defendant's Points

1. Defendant says that the Complaint and Amended Complaint, collectively, fail to allege the following things:

   (a) "First, Plaintiff cannot show he engaged in protected activity for purposes of an ADA retaliation claim." See Doc. 16, Page 6, Lines 15-16.

       i. "There was no Exhibit A attached to the Amended Complaint." See Doc. 16, Page 7, Lines 5-6.

   (b) "Even if Plaintiff established that he filed lawsuits opposing ADA violations, he did not allege that any Defendant had knowledge of his lawsuits. To show that Defendants had such knowledge, Plaintiff directed the Court to paragraph 9(a) of his Complaint." See Doc. 16, Page 7, Lines 9-12.

   (c) "Even if plaintiff had properly alleged that he engaged in protected activity and Defendants knew about the protected activity, there are no facts alleged to establish the

element of causation. Plaintiff has not alleged any fact beyond the fact that he filed lawsuits prior to his arrest. There are no factual allegations to state a plausible claim that defendants acted *because* of plaintiff's lawsuits. Plaintiff states that his arrest and incarceration were due to his litigious activity; however, mere conclusory statements are insufficient to state a cognizable claim. Plaintiff has provided no facts to support the conclusion that his arrest and resulting proceedings were based on any intent to retaliate against him, as opposed to being based on the conduct for which he was arrested (domestic battery). To state a claim for retaliation, Plaintiff must come forth with facts other than one action followed the other. Plaintiff has done nothing more than simply allege retaliation, which is insufficient to establish a plausible causal connection." See Doc. 16, Page 8, Line 7 thru Page 9, Line 3.

## Second More Definite Statement

2. Although the Defendants *call* their Motion a "Motion to Dismiss," it is important to understand that, based on the alleged deficiencies they claim to be listed in the Amended Complaint, their Motion should instead be taken as a Motion for More Definite Statement. See *Swierkiewicz v. Sorema NA*, 534 US 506, 514 (2002) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding"). See also *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1985 (2007) ("The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement").

3. Therefore, in yet another attempt to get this case moving along, Plaintiff is also filing – simultaneously with this response – yet another More Definite Statement in support of Docs.2 &

14. This More Definite Statement will contain as much detail as Plaintiff can possibly think of – enough detail that it could stand in for Plaintiff's entire direct examination (assuming he were allowed, as is the case in most bench trials[1], to give narrative testimony).

4. Meanwhile, just to show that the Defendant's Motion to Dismiss (which, to repeat, should not have even been a Motion to Dismiss in the first place) is entirely without merit, even without the need for a more definite statement, the next three sections of this Response will take each complaint raised by the Defendant and knock them out, one by one.

### Lack of attachment for litigation history

5. First of all, Plaintiff is now filing another More Definite Statement. This time, Plaintiff's litigation history will be listed in the body of the More Definite Statement itself (specifically, in ¶ 8 of the More Definite Statement). This eliminates the issue the Defendants are complaining about when they say "There was no Exhibit A attached to the Amended Complaint." This issue is now moot.

6. However, it is important to note that Plaintiff did not fail to attach the exhibit simply because he did not want to. He simply forgot to attach it. Unlike the Defendants' actions, this is the sort of thing that really can be reasonably attributed to "human error." Plaintiff simply forgot the attachment last time. This does not warrant dismissal.

7. Second, Plaintiff already explained to the Court and Defendant that his litigation history is **_PUBLIC RECORD_**! The Defendants can simply ... look the litigation history up!

8. Thus, this portion of the Defendant's motion to dismiss should be denied as frivolous, since the Defendants themselves can easily rectify any injury caused them, yet they still ask the Court to inharmoniously close the courthouse doors to a Plaintiff for what is plainly just human

---

[1] Plaintiff is NOT saying that he consents to a bench trial in this case. Plaintiff absolutely wants a jury trial. See Doc. 2, ¶ 84. Don't you DARE set this case for bench trial! Plaintiff is merely using that as an example of a time when narrative testimony would be allowed.

error, and what they themselves can easily look into.

### Plaintiff did indeed allege causal connection

9.     Although this came last, Plaintiff will address the second one last, for reasons that will be made clear when he addresses that issue.

10.    Defendants frivolously complain that Plaintiff "does nothing more than simply *allege* retaliation," and that he "has provided no facts to support the conclusion."

11.    This is patently false and just as deserving of sanctions as the statements in their first Motion to Dismiss.

12.    Plaintiff did indeed state the following facts in his complaint:

(a)     The domestic battery charges – and the evidence thereof – were outright fabricated, and that Wes Bradford himself personally partook in the cover up. See Doc. 2, ¶¶ 10 – 11.

(b)     The charges were dismissed literally less than a week after the issue of lawsuits had been taken care of. Doc. 2, ¶ 12.

(c)     Plaintiff has, in his possession, a ***WRITTEN CONFESSION*** from Wes Bradford concerning his vendetta against Plaintiff. See

13.    What, do those not count as "facts," according to the Defendants?

14.    Well, news flash: It's not the Defendants, in this case, who get to define the difference between "fact," and "conclusion." It is the 8th Circuit Court of Appeals who decides that, and the precedent they have set is plainly in Plaintiff's favor.

15.    As Plaintiff pointed out in his original Complaint (Doc. 2, ¶ 16), this case is controlled by the precedent of *Amir v. St. Louis University*, 184 F. 3d 1017 (8th Cir. 1999).

16.    In that case, the plaintiff – Guy Amir – had only two facts in his favor. Just a measly two. Those two facts are …

    (a)    The adverse action occurred shortly after the protected activity, and

    (b)    The alleged retaliator freely admitted that she was angered by the protected activity.

17. Despite these being the only two facts that Mr. Amir had to go off of, the Eighth Circuit Court of Appeals nevertheless stated that he was entitled to a jury trial. See *Amir* at 1026.

18. The Defendants freely admit that Plaintiff has plead that the adverse action occurred shortly after the protected activities (see Doc. 16, Lines 9 – 11, "Plaintiff has not alleged any fact beyond the fact that he filed lawsuits prior to his arrest").

19. The written confession, spoken of in ¶ 12(c) of this Response, is where Plaintiff pleads an equivalent fact to that spoken of in ¶ 16(b). This written confession has Wes Bradford freely admitting (because he believed he had prosecutorial immunity) to holding a vendetta against Plaintiff for his lawsuits, and that he was committed to ensuring that Plaintiff be persecuted for them.

20. The Defendants are simply out of their minds when they say that Plaintiff has not alleged any specific facts. Plaintiff indeed has stated specific facts, and the Defendants should be sanctioned for claiming otherwise.

### Lack of Defendant knowledge of litigation history

21. Last but not least, the Defendant's claim that Plaintiff has failed to allege the "essential element" that the Defendants knew about Plaintiff's protected activity.

22. First of all, this is not an "essential element." The Defendants have failed to comply with AR Local Rule 7.2(a) and give "a concise statement of ... applicable law." The Defendants have not cited any precedent or statute that purportedly requires the Plaintiff to plead that the Defendants had knowledge of the protected activity.

23. Plaintiff, however, *has* cited the precedent of *Amir v. St. Louis University*, which very

clearly states that there are only three essential elements: Protected activity, adverse action, and causal connection. This precedent never once makes any mention of any essential element that the Defendant must know about the protected activity.

24. For that matter, as stated in ¶¶ 9-20 of this Response, Plaintiff has, indeed, plead facts that establish a causal connection between the adverse action and the protected activity. This is why Plaintiff chose to address that issue before addressing this one.

25. This, alone, is sufficient to determine that the Defendants *knew* about the protected activities. After all, how can the Defendants possibly retaliate against a protected activity they do not even know about? Plaintiff considers this logic to be equally as straightforward as the logic that you cannot retaliate against a protected activity that occurred *after* the adverse action (as explained in Doc. 10, ¶ 26).

26. See that right there? That is called "putting two and two together," and if the Defendants do not know how to do that, perhaps "attorney" should not be their profession.

27. However, even if the Defendants wish to advocate for that version of events (that they did not know about the protected activity and thus could not possibly retaliate against it), that still would not warrant peremptory dismissal. That is not "failure to state a claim," right there; that is a defense on the merits. At best, demonstrating that the prosecuting attorney did not know about Plaintiff's litigation history would entitle the Defendants to summary judgment, but NOT peremptory dismissal.

**Miscellaneous points**

28. Aside from these three core arguments, the Defendants made a specific auxiliary argument that clearly demonstrate their bad faith and desire to simply delay the proceedings.

29. Namely, the Defendants state, on p. 8 of the Brief, the following:

> "Even if Plaintiff established that he filed lawsuits opposing ADA violations, he did not allege that any Defendant had knowledge of his lawsuits. To show that Defendants had such knowledge, Plaintiff directed the Court to paragraph 9(a) of his Complaint, which Plaintiff asserted 'very clearly alleges precisely what the Defendants say that Plaintiff did not allege.' *Doc. 10, ¶ 15.*"

30. This is an outright lie! Take one look – JUST ONE SINGLE SOLITARY LOOK – at Doc. 10, ¶ 15, and you can see, in plain text, black and white, clear as crystal, that Plaintiff was very clearly using that paragraph to refute the Defendant's argument "that Plaintiff never alleged that the lawsuits ever alleged any violations of the ADA." See Doc. 10, Page 4, Lines 7-8.

31. This is a complete waste of everyone's time. The Defendants obviously think that Plaintiff and the Court are both bumbling idiots. After all, we would HAVE to be if we were to not catch such an obvious lie. This is an insult to our intelligence.

## CONCLUSION

32. To wrap this response up, let us recap the points:

(a) Plaintiff's failure to attach the outline for Plaintiff's litigation history as of November 2011 was mere human error, not failure to state a claim. The issue has been corrected, and thus is now moot.

(b) Plaintiff very clearly has plead facts which constitute a plausibility of retaliation, including, but not limited to, total fabrication of charges, and a written confession from the prosecutor.

(c) Plaintiff is, plain and simply, not required to spell out for the Defendants that the Defendants knew of the protected activity, not when their knowledge thereof is assumed as a natural prerequisite of the essential element Plaintiff *has* sufficiently plead: The causal connection.

(d) The Defendants insult our intelligence by trying to convince us that a paragraph –

which very clearly is meant to refute one thing – fails to refute something that it was not even trying to refute. This is kindergarten levels of logic, and yet, it somehow escapes what is *supposed* to be the brightest legal minds in the entire state.

33. Wherefore, premises considered, Plaintiff requests that the Second Motion to Dismiss be denied, sanctions issue, and costs incurred in making and filing this Response be awarded.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com