IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID STEBBINS**                                                                                         **PLAINTIFF**

v.                             **CASE NO: 4:14-227 KGB**

**STATE OF ARKANSAS**
**MIKE BEEBE, in his official capacity**
**as Governor of Arkansas**                                                  **DEFENDANTS**

<u>**BRIEF IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S SECOND MORE DEFINITE STATEMENT**</u>

      Come Defendants, the State of Arkansas and Mike Beebe in his official capacity as Governor of Arkansas, and state for their Brief in support of their Motion to Dismiss the Second More Definite Statement:

### I. INTRODUCTION

      Plaintiff Stebbins has filed a further "More Definite Statement," a pleading that appears to be in the nature of a second amended complaint. Doc. 19. Defendants have moved to dismiss Plaintiff's original complaint and first amended complaint in turn, and hereby incorporate those arguments for dismissal. *See* Doc's 8, 9, 15, 16. Defendants now address the Second More Definite Statement to the extent it makes additional allegations requiring a response. As with the earlier pleadings, Plaintiff fails to state a claim for relief in the Second More Definite Statement, and so the Court should grant dismissal under Fed. R. Civ. P. 12(b)(6).

### II. LEGAL ARGUMENT

**A.**    <u>**Standard of review**</u>

      The Federal Rules of Civil Procedure provide for dismissal of a claim when a plaintiff fails to state a claim for which relief may be granted, Fed. R. Civ. P. 12(b)(6). Although the Court treats the facts alleged in the complaint as if they were true, *Young v. City of St. Charles*,

244 F.3d 623, 627 (8th Cir. 2001), a plaintiff's complaint must nonetheless be dismissed and judgment entered for the defendants, if the plaintiff's complaint is insufficient and the defendants are entitled to judgment as a matter of law. *Id.*

The Supreme Court has made clear that conclusory allegations by a plaintiff are not sufficient. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court ruled that the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 440 U.S. 544 (2007), a case involving antitrust issues, apply to all civil cases filed in the federal courts. *Iqbal*, 129 S. Ct. at 1949-52. Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* at 512, *citing Conley v. Gibson*, 355 U.S. 41, 47 (1957). In *Iqbal*, the Court explained that Rule 8(a)(2) "does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quotations & citations omitted). The Court rejected pleadings that simply contain "labels and conclusions or a formulaic recitation of the elements of a cause of action" as well as "naked assertions devoid of further factual enhancement." *Id.* (quotations & citations omitted).

In *Iqbal*, the Court expressly rejected a "possibility" standard and reaffirmed the "plausibility" standard announced in *Twombly* by stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

>defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
>*Id.* (quotations & citations omitted).

The Court articulated a two-part test for analyzing motions to dismiss. First, a court should identify all allegations that constitute conclusions because they are not entitled to the "assumption of truth." *Id.* at 1950. Second, a complaint must contain sufficient factual allegations that are assumed to be true and the court must determine, based on its judicial experience and common sense, whether those factual allegations "plausibly give rise to an entitlement for relief." *Id*. In sum, Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure impose definitive pleading standards that must be satisfied for a complaint to survive a motion to dismiss.

In assessing a motion to dismiss, this Court must accept the factual allegations in the complaint as true and hold Plaintiff, as a *pro se* litigant, "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). The liberal pleading standards, however, apply only to Plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Despite Plaintiff's status as a *pro se* litigant, he must allege specific facts in his complaint that are sufficient to state a claim and not be merely conclusory allegations. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Dismissal of a lawsuit "serves to eliminate actions that are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Nietzke v. Williams*, 490 U.S. 319, 326-327 (1989). In the case at bar, the Plaintiff has failed to state claims, and the Complaint should be dismissed.

B. **Plaintiff failed to state a claim under the Americans with Disabilities Act.**

Plaintiff alleged in his original Complaint and Amended Complaint that Boone County law enforcement officers chose to arrest him, and the prosecuting attorney chose to engage in criminal proceedings against him – all in retaliation for Plaintiff's having filed a large number of lawsuits. Doc. 2, ¶ 39, Doc. 10, ¶ 12, Doc. 14, ¶ 12. Likewise, the Second More Definite Statement alleges that Plaintiff has sued multiple defendants "for ADA discrimination or ADA retaliation." Doc. 19, ¶¶ 7-8. In his attempt to state a cause of action for retaliation under the Americans with Disabilities Act (ADA), however, Plaintiff failed to comply with the pleading requirements of the Federal Rules of Civil Procedure and did not state a claim.

The ADA provides that an individual cannot be retaliated against because he has "opposed any act or practice made unlawful" by the ADA. 42 U.S.C. § 12203 (a). The elements of a prima facie case for ADA retaliation in a non-employment context include (1) that the plaintiff engaged in protected activity, and the retaliator knew of the involvement, (2) that an adverse action was taken by the defendant, either during or after the protected activity sufficient to deter a person of ordinary firmness from engaging in the protected activity, and (3) that a causal connection exists between the protected activity and the adverse action. *See Bradley ex rel. Bradley v. Arkansas Dep't of Educ.*, 443 F.3d 965 (8th Cir. 2006). Plaintiff has not stated a cognizable claim for retaliation under the ADA.

Plaintiff cannot show he engaged in protected activity for purposes of an ADA retaliation claim. A plaintiff engages in protected activity when he opposes any act or practice that the ADA makes unlawful. 42 U.S.C. § 12203 (a). The original Complaint alleged as protected activity Plaintiff's numerous lawsuits. Doc. 2, ¶¶ 8, 9(a), 10. In his response to Defendants' motion to dismiss, Plaintiff again alleged as protected activity lawsuits filed prior to the arrest.

Doc. 10, ¶ 26. Plaintiff attempted to show the lawsuits constituted protected activity by referring to a list identified as Exhibit A, but there was no exhibit attached to the Amended Complaint. Doc. 14, ¶ 9. In the Second More Definite Statement, Plaintiff lists seven "ADA discrimination lawsuits" that were filed in 2010 and 2011 in federal courts in Missouri and Arkansas. Doc. 19, ¶ 8, subparts (a)-(g).

It is not clear from the Second More Definite Statement what role the ADA played in these lawsuits, and therefore unclear if these lawsuits qualify as an "exercise or enjoyment" of ADA rights or a challenge to rights protected by the ADA. 42 U.S.C. § 12203 (a, b). Even assuming Plaintiff could establish that he filed these lawsuits in opposition to ADA violations, he does not allege that any Defendant had knowledge of the lawsuits: notably, the Second More Definite Statement does not mention Defendant Beebe by name except in the caption. Doc. 19, ¶¶ 1-78. Rather, Plaintiff states that "Wes Bradford – a prosecuting attorney for the State of Arkansas – knew of Plaintiff's litigation practices (since it was public record, and he was an attorney by trade, meaning he had access to these sorts of things)." Doc. 19, ¶ 9. This is a conclusory, conjectural statement about a non-party. Plaintiff has provided no facts to support an essential element of a retaliation claim – that the retaliator knew of the protected activity. Therefore, the Complaint and Amended Complaint fail to properly state a claim for ADA retaliation.

Even if plaintiff had properly alleged that he engaged in protected activity and Defendants knew about the protected activity, there are no facts to establish the element of causation. Plaintiff has not alleged any fact beyond the fact that he filed lawsuits prior to his arrest. Plaintiff states that his arrest and incarceration were due to his litigious activity, and alleges a "conspiracy" involving the State of Arkansas; however, mere conclusory statements are

insufficient to state a cognizable claim. Doc. 19, ¶ 51; *Iqbal*, 129 S. Ct. at 1949. Plaintiff has provided no facts to support the conclusion that his arrest and resulting proceedings were based on any intent to retaliate against him, instead of being based on the conduct for which he was arrested (domestic battery). On the contrary, Plaintiff makes allegations demonstrating that the arrest resulted from legitimate law enforcement activity, and it seems that the police arrived because Plaintiff himself called them. *See*, *e.g.*, Doc. 19, ¶ 45 ("arrest report did speak of a knife that was found in the kitchen sink"); ¶ 35 ("Plaintiff . . . ran to the landline phone and called the Boone County Sheriff's Department").

Plaintiff has done nothing more than simply *allege* retaliation, which is insufficient to establish a plausible causal connection. The Complaint, Amended Complaint, and Second More Definite Statement allege the following facts:

- Plaintiff was arrested in Boone County on November 24, 2011, for domestic battery. Doc. 2, ¶¶ 11, 54.
- Plaintiff was incarcerated for 165 days. Doc. 2, ¶ 48.
- The charges against Plaintiff were dismissed in April, 2014. Doc. 2, ¶ 12.
- Plaintiff has filed numerous lawsuits in the past alleging discrimination in violation of the Americans with Disabilities Act. Doc. 2, ¶¶ 8, 9(a).
- Prosecutor Wes Bradford offered Plaintiff, who was represented by counsel, a guilty plea requiring that Plaintiff "dismiss any/all pending Pro Se lawsuits." Doc. 19, ¶ 62.

Taken individually or as a group, these facts do not state a claim against the State of Arkansas or Governor Beebe for ADA retaliation. It is unknown which "pending pro se lawsuits" may have been contemplated by the plea offer, to what degree the claims in those suits were related to the ADA, if at all, or in what way the plea offer was an attempt to "coerce, intimidate, threaten, or interfere" with rights protected by the ADA, in light of Plaintiff's allegation that he later accepted a different plea agreement resulting in "dismissal of charges without conviction." Doc. 19, ¶ 75; 42 U.S.C. § 12203(b).

The facts as alleged are not sufficient to state a claim for ADA retaliation, and there are no allegations at all against Defendant Beebe in his official capacity. *See* Doc. 9, p. 8 ("The allegation is that Plaintiff's arrest was a retaliatory act, but there are no facts indicating that the State of Arkansas was responsible, and certainly not the Governor."). Construing Plaintiff's allegations liberally, the Complaint, Amended Complaint, and Second More Definite Statement consist of nothing more than legal conclusions. For example, Plaintiff states that "Bradford resigned to conspire . . . to frame Plaintiff for a crime he could charge Plaintiff with." Doc. 19, ¶ 53. Courts must not presume the truth of legal conclusions couched as factual allegations. *Papasan v. Allain*, 477 U.S. 265, 286 (1986).

### C. **Plaintiff failed to state a claim under the Rehabilitation Act.**

Plaintiff also cited the Rehabilitation Act as a basis for his claim. Section 504 of the Rehabilitation Act applies when the entity defendant receives federal funding. The anti-discrimination provision of the Rehabilitation Act incorporates the anti-retaliation provision of the ADA. 29 U.S.C. § 794(a) and (d). Therefore, the prima facie case for retaliation under the Rehabilitation Act is the same as that under the ADA. *See Allison v. Dep't. of Corrections*, 94 F.3d 494, 497 (8th Cir. 1996) (cases interpreting ADA and Rehabilitation Act are interchangeable). Defendants incorporate by reference the argument for dismissal of the ADA retaliation claim as set forth above. Accordingly, Plaintiff has failed to state a claim under the Rehabilitation Act.

### D. **42 U.S.C. § 1983.**

In their motion to dismiss the original complaint, Defendants addressed plaintiff's discussion of qualified immunity. *See* Doc's 8 and 9. Because qualified immunity was not a subject of the Amended Complaint, Defendants assume that Section 1983 is not at issue.

However, to the extent any such claim is asserted, Defendants incorporate by reference the argument for dismissal in the motion to dismiss and brief in support filed previously. Doc's 8, 9, 15, 16.

### III.  CONCLUSION

For all the reasons stated herein, Defendants respectfully request that the Complaint, Amended Complaint, and Second More Definite Statement be dismissed, and that the Court award all other relief it deems just and proper.

Respectfully submitted,

DUSTIN MCDANIEL
Attorney General of Arkansas

By: /s/ Charles Lyford
Charles Lyford, Ark. Bar No. 2010200
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center St., Suite 800
Little Rock, AR 72201
Phone: (501) 682-8228
Fax: (501) 682-2591
Email:  charles.lyford@arkansasag.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I caused a copy of the foregoing Motion to Dismiss to be served upon Plaintiff David Stebbins via First-Class U.S. Mail at the following address:

David Stebbins
123 W. Ridge St.
Apt. D
Harrison, AR   72601

                                                      /s/ Charles Lyford