Page 1 of 12

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID STEBBINS                                                   PLAINTIFF

VS                CASE NO. <u>4:14-cv-227-KGB</u>

STATE OF ARKANSAS                                DEFENDANTS
MIKE BEEBE, in his official capacity
as Governor of Arkansas



## RESPONSE TO [22] THIRD MTOION TO DISMISS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Response in Opposition to Doc. 22, the Defendant's Third patently frivolous Motion to Dismiss.

1. Plaintiff has bent over backwards and jumped through multiple hoops to try and move this case forward. Every time, Plaintiff is met with Motions to Dismiss.

2. These Motions to Dismiss are based entirely on the Defendant's dissatisfaction with the amount of detail the Complaint, Amended Complaint, and More Definite Statement collectively allege.

3. It is well-established precedent that the deficiencies spoken of in ¶ 2 of this Response is NOT grounds for dismissal, but rather, for a more definite statement.

    (a) See *Swierkiewicz v. Sorema NA*, 534 US 506, 513-514 (2002)

> "Rule 8(e)(1) states that no technical forms of pleading or motions are required, and Rule 8(f) provides that all pleadings shall be so construed as to do substantial justice. Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." (quotations and citations omitted)

(b) See also *Conley v. Gibson*, 355 US 41, 48 (1957)

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

(c) See also *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1985 (2007) ("The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement.")

(d) See also *Doe v. Cassel*, 403 F. 3d 986, 989 (8th Cir. 2005)

"The district courts retain all tools available under the Federal Rules of Civil Procedure to eliminate meritless claims early in the litigation process. For example, the district court can order the plaintiff to reply to the defendant's answer under Rule 7(a), order the plaintiff to delineate independent causes of actions against individual defendants under Rule 10(b), order the plaintiff to provide a more definitive statement under Rule 12(e), or tailor discovery to protect the defendants from unnecessary embarrassment or undue burden under Rule 26(c). See id. The district court also retains the power to sanction plaintiffs who file frivolous claims under Rule 11. In appropriate cases, plaintiffs that fail to comply with the district court's orders face dismissal under Rule 41(b)."

4. Despite this clearly established law, the Defense Counsel continues to delay these proceedings and file inappropriate Motions to Dismiss. They now file their *__third__* Motion to Dismiss, despite it being repeatedly explained to them that the appropriate motion is supposed to be a Motion for More Definite Statement.

5. Plaintiff now opposes this third, patently frivolous motion.

## Pleading Standard

6. The Defendants argue that specific factual allegations must be alleged, and that mere conclusions are not entitled to assumption of truth.

7. This, of course, begs the question: Precisely how much detail is needed? Just how specific must a complaint be before it becomes entitled to presumption of truth?

8. This question is answered by the precedent of *Doe v. Cassel*, which has ¶ 3(d) of this Opposition. In that case, while the 8th Circuit ultimately affirmed the District Court's dismissal of the Plaintiff's numerous Amended Complaints, it did so on the grounds that the Plaintiff had repeatedly failed to comply with the discovery schedule, a violation the 8th Circuit said was "more than a technical pleading deficiency." See *id* at 990.

9. On the other hand, the Eighth Circuit specifically rejected the "heightened pleading standard" that the District Court tried to use to force the Plaintiff to state in her **_complaint_** (as opposed to ... during discovery) and require her to "delineate Defendants and identify their respective acts or omissions in separate paragraphs." Rather, the 8th Circuit affirmed the dismissal because of her failure to provide this information **_during discovery_**, not **_in her complaint_**!

10. This precedent thus shows that Plaintiff's initial complaint (Doc. 2) was sufficient all along, and that he never needed to file these More Definite Statements in the first place. If the State was not satisfied with the level of detail given in the Complaint, then it is their right to make discovery requests, but it is NOT a grounds for summary dismissal.

### Allegation of protected activity

11. With that said, even if we assume that there is still a heightened pleading standard, Plaintiff has absolutely fulfilled that standard.

12. First, the Defendants argue that "It is not clear from the Second More Definite Statement what role the ADA played in these lawsuits." This is a blatant lie. There is not even any good faith in this argument; they are simply lying.

13. Plaintiff did, indeed, state "what role the ADA played in these lawsuits." Plaintiff's precise allegations were thus:

- "[T]he employer – by his own admission – made absolutely no attempt to accommodate Plaintiff's Asperger Synrome." See Doc. 19, ¶ 8(a)

- "Plaintiff tried to explain that, because of his Aspergers, sometimes things can come out wrong, but the UA did not want to listen." See Doc. 19, ¶ 8(b)

- "Jones threw Plaintiff out of his wrestling school in retaliation for some allegedly disrespectful remark Plaintiff's allegedly made about one of Jones' best wrestlers, and never even attempted to provide the extremely reasonable accommodation of allowing Plaintiff to apologize." See Doc. 19, ¶ 8(c)

- "Although Plaintiff was not applying for any position that required him to interact with customers (having learned his lesson with Reliable Heat & Air), Wal-Mart's computerized employment application test nevertheless asked Plaintiff questions regarding how to be courteous with customers that involved position that Plaintiff was not even applying for. This, in Plaintiff's opinion, had the disparate impact of discriminating against people with Asperger Syndrome." See Doc. 19, ¶ 8(d)

- "Plaintiff's attempts to communicate with the school's enrollment staff fell through the cracks because of Plaintiff's Aspergers, and the school refused to provide any accommodation whatsoever for Plaintiff's lack of social skills." See Doc. 19, ¶ 8(e)

- "[The Defendants] refused to represent Plaintiff in 'any matter' because Plaintiff had apparently said something they did not like, and much like Jason Jones before them, they refused to take into consideration Plaintiff's Asperger Syndrome." See Doc. 19, ¶ 8(f)

- "The Defendants evicted Plaintiff because of all the aforementioned lawsuits previously listed... Plaintiff sued Harp & Associates in that case for much the same reason he is suing the State of Arkansas in this one." See Doc. 19, ¶ 8(g)

14. If Plaintiff did not state "what role the ADA played in these lawsuits," then what do you call THAT?! Just because the Defendants did not mention these allegations in their Motion does NOT mean that Plaintiff has not alleged them.

15. ***THE DEFENDANTS ARE SIMPLY LYING!!!!***

**There is no "essential element" of knowledge of protected activity**

16. Next, the Defendants argue that Plaintiff has failed to allege the "essential element" that the State and Governor both knew about Plaintiff's involvement in the protected activity.

17. Plaintiff has already pointed this out once before. He stated that lack of knowledge of the

protected activity is an affirmative defense on the merits, not an essential element that must be plead in the Complaint. See Doc. 18, ¶¶ 21-27.

18. But because the Defendants are hard-headed, they are raising it again.

19. Thus, Plaintiff will say this again:

20. ***PLAINTIFF IS NOT REQUIRED TO PLEAD THAT IN HIS COMPLAINT!!!!!***

21. The Defendants are just making stuff up to try and delay this case further.

22. In support of this completely-made-up essential element, the Defendants cite the precedent of *Bradley v. Arkansas Dept. of Educ.*, 443 F. 3d 965 (8th Cir. 2006).

23. This is a patently frivolous legal citation. Not one part about the entire case they are citing even SUGGESTS that foreknowledge of the claim is an essential element that the Plaintiff must plead in his Complaint.

24. First of all, the case of *Bradley v. Ark. Dept. of Ed* was not an appeal of a District Court order granting a motion to dismiss for failure to state a claim. Rather, it was an appeal of a *judgment on the merits* following a bench trial. See *id* at 968[1]. This, alone, makes this published opinion completely inconsequential to the issue at hand. The Defendants might as well have cited the case of *Wilko v. Swan*, 346 U.S. 427(1953). THAT case has nothing to do with the case at hand, but then again, neither does *Bradley*.

25. Second, nowhere in that case does it even suggest that the plaintiff must prove that the Defendants knew of the protected activity. Rather, there is only one time, in the entire published opinion, where the essential elements of retaliation are listed is Page 976. This page, however, states only the following:

> "To make out a case of retaliation under § 504, the Bradleys must show they were

---

[1] "Thomas and Dianna Bradley, on behalf of their son David Bradley, appeal from the judgment of the District Court, entered after a bench trial."

engaged in protected activity, the School District took some adverse action, and a causal connection between the activity and the District's action."

26. Nowhere in the entire precedent does it state that Defendant foreknowledge is an essential element.

27. The Defendants' legal citation is, thus, completely inapplicable in the instant case in nearly every conceivable way. They are just making stuff up, attaching a completely unrelated case to the made-up stuff, and just hoping that the Court does not catch them.

### Patently frivolous argument of ducking responsibility.

28. Next, the Defendant argues – in Doc. 23, Page 5, Lines 12-15 – that the State cannot be held liable for the actions of her counsel. They argue that Prosecuting Attorney Wes Bradford's actions and knowledge do not equate to the State's actions and knowledge.

29. This is a patently frivolous legal argument that is deserving of sanctions under Fed. R. Civ. P. 11.

(a) The State has no sovereign immunity in this case. The State is liable in this case "to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State." See 42 USC § 12202.

(b) This statute has been upheld as not being unconstitutional under the 11th Amendment. See *Tennessee v. Lane*, 541 US 509 (2004).

(c) Therefore, the State is just as liable for the actions of its counsel as private citizens would be. See *Boogaerts v. Bank of Bradley*, 961 F. 2d 765, 768 (8th Cir. 1992). See also *Comiskey v. JFTJ CORP.*, 989 F. 2d 1007, 1010 (8th Cir. 1993). See also *Link v. Wabash R. Co.*, 370 US 626 (1962).

30. Plaintiff has already explained this to the Defendants once before. See Doc. 14, ¶ 14. The

Defendants simply have no right to raise a patently frivolous legal argument intended solely to delay the proceedings – especially when it has already been explained to them that the argument is patently frivolous. See Fed.R.Civ.P. 11.

### Requesting dismissal based entirely on mere *possibility* of lack of pretext.

31.  The next patently frivolous argument the Defendant raises is thus:

> "On the contrary, Plaintiff makes allegations demonstrating that the arrest resulted from legitimate law enforcement activity, and it seems that the police arrived because Plaintiff himself called them. *See, e.g.*, Doc. 19, ¶ 45 ('arrest report did speak of a knife that was found in the kitchen sink'); ¶ 35 ('Plaintiff . . . ran to the landline phone and called the Boone County Sheriff's Department'). "

32.  In asking the Court to dismiss the action on these grounds, they are asking the Court to view the factual allegations in the pleadings in a light that is disfavorable to the Plaintiff.

33.  Remember, the Defendants themselves seem to concede that these sentences from Plaintiff suffice as "specific factual allegations" and not "mere conclusions." Otherwise, they would not be using them.

34.  This means that they are entitled to presumption of truth.

35.  However, when facts are more than mere conclusions, then the Court must also view these facts, not just as true, but also, in a light most favorable to the Plaintiff. See *Fusco v. Xerox Corp.*, 676 F. 2d 332, 334 (8th Cir. 1982) ("A complaint must be viewed in the light most favorable to the plaintiff").

36.  This means that the Court must view the factual allegations offered by the Plaintiff as if they are pretextual. However, the Defendant is asking the Court to do the exact opposite: Assume that it is not pretextual, and dismiss the Complaint based on this assumption.

37.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." See *Fusco* at 334. "Once the defendant establishes a legitimate nondiscriminatory reason for the adverse action, the burden of production then shifts back to the plaintiff to show that the defendant's reason is a pretext for discrimination." See *Amir v. St. Louis University*, 184 F. 3d 1017, 1026 (8th Cir. 1999).

38.   The two legal principles outlined in the previous paragraph, taken collectively, mean that the Court cannot dismiss this complaint for failure to state a claim unless it appears, beyond doubt, that Plaintiff can prove no set of facts that would show that the domestic battery was a pretext for retaliation.

39.   The question, then, is ... has Plaintiff plead enough facts that, if true, could cause a jury to reasonably conclude that the domestic battery was a pretext for retaliation? The answer to that question is, undeniably, "yes."

40.   Here are just a handful of the things Plaintiff has plead that, if true, would show evidence of pretext:

(a)   Beathke – the officer who arrested Plaintiff – was very aggressive and impatient with Plaintiff (See Doc. 19, ¶ 38), while being courteous and respectful towards the alleged victim, his co-conspirator (See Doc. 19, ¶ 35). This, by itself, does not really mean anything, as Beathke has his First Amendment rights, too, but when you combine it with everything else being plead, it becomes incriminating.

(b)   Beathke demanded that Plaintiff give details concerning the location of the alleged victim's knife cuts ... that he could have easily observed himself just by looking across the porch, no doubt in an attempt to fish for an excuse to say, in his arrest report, that Plaintiff was unable to give any details about what happened. See Doc. 19, ¶ 38.

(c)   Beathke completely ignored Plaintiff's allegations of potentially exculpatory

evidence. See Doc. 19, ¶ 41

(d) Beathke arrested Plaintiff solely on the strength of the alleged victim's word, and only then did he inspect the crime scene in search of evidence to support the arrest he had already decided to make. See Doc. 19, ¶ 42.

(e) Beathke included, in his arrest report, photographs of blood splatters that did not exist before he arrived at the scene, meaning that the evidence was planted *in front of him*, but he used it anyway.

(f) No attempt was ever made to secure the fingerprint evidence that Plaintiff asked for that would have instantly exonerated him, no doubt because the State did not want Plaintiff to be exonerated. See Doc. 19, ¶¶ 54-57.

41. However, the Defendants ask the Court to dismiss this Complaint, simply on the grounds that Plaintiff has given a handful of allegations that *could* mean that the domestic battery was not a pretext for retaliation, and that is not allowed.

## Plaintiff did indeed allege facts to support causal connection.

42. Last but not least, the Defendants state that "Plaintiff has not alleged any fact beyond the fact that he filed lawsuits prior to his arrest."

43. This is just as much a lie as their claim that Plaintiff did not specify "how the ADA was involved" in his previous lawsuits. Plaintiff did indeed allege facts – SPECIFIC facts; not "mere conclusory statements" – to support the element of causal connection.

44. First, Plaintiff has indeed given specific facts (even though he does not need them, as established in the precedent of *Doe v. Cassel*) to support the elements of a conspiracy.

45. In addition to the elements already given in ¶ 40 of this Response, Plaintiff hereby reminds the Court of the following factual allegations:

(a)     Doc. 19, ¶¶ 11-14 shows Plaintiff's former landlords setting Plaintiff up to be arrested, by removing him from his neighbors who would testify in Plaintiff's defense if they knew he was innocent.

(b)     Doc. 19, ¶ 16, and ¶¶ 19-26 clearly shows allegations that Plaintiff's father attempted to goad Plaintiff into giving the police an excuse to arrest him.

(c)     Doc. 19, ¶¶ 38-43 clearly contain allegations that the arresting agency (A) acted with a clear vendetta against Plaintiff, (B) arrested Plaintiff, and *then* conducted an investigation for evidence to support the arrest[2], and (C) completely ignoring an offer of potentially exculpatory evidence[3]. In other words, the arrest was clearly made without probable cause.

46.     Second, Plaintiff has indeed given specific facts (even though he does not need them, as established in the precedent of *Doe v. Cassel*) to support his accusation that the criminal proceedings were retaliatory.

(a)     Doc. 19, ¶¶ 56-57 clearly show that Bradford performed an extremely lazy and sloppy handling of the domestic battery, the sort of handling you would expect if the person doing the job did not actually care about what he was doing (which is evidence of pretext).

(b)     Doc. 19, ¶¶ 58-59 clearly alleges that Bradford repeatedly went out of his way to remind Plaintiff that he despised Plaintiff's litigation history (in other words, Bradford himself confessed to having a motive to persecute Plaintiff for his lawsuits). This, by itself, creates one of the two pieces of evidence that entitles Plaintiff to a jury trial under the precedent of *Amir v. St. Louis University*.

(c)     Doc. 19, ¶¶ 64-65 and ¶¶ 74-86 clearly alleges facts which show that Bradford was

---

2  In direct violation of the requirements of *Kheul v. Burtis*, 173 F. 3d 646, 650-651 (8th Cir. 1999), requiring a reasonably thorough investigation BEFORE arresting anyone.
3  Also in violation of *Kheul v. Burtis*, holding that "an officer contemplating an arrest is not free to disregard plainly exculpoatory evidence."

more concerned with the lawsuits than he was with the domestic battery (in other words, proving pretext).

47. The Defendants are completely lying when they say that Plantiff has not alleged any specific facts to support the element of causal connection. There is no excuse for this; they are simply lying.

## 48. <u>THE DEFENSE IS SIMPLY LYING!!!!</u>

## Conclusion

49. Plaintiff is not going to file another More Definite Statement, because one is not necessary. He has previously humored the Defendants in the hopes of moving this case forward, but it is now clear that, no matter how much Plaintiff humors them, they will just file another motion to dismiss in order to delay this case indefinitely, even making stuff up if they have to.

50. They Defendants are complete liars who have no honor, no soul, no conscience, and no regard for justice. They have clearly shown that they are not above making stuff up and simply lying in order to escape responsbility (this is probably where Wes Bradford picked up his tendency to abuse the power given to him as a prosecutor).

51. The Defendants have lied that Plaintiff has not stated "how the ADA was involved" in Plaintiff's previous lawsuits, and they have lied when they say that "Plaintiff has not alleged any fact beyond the fact that he filed lawsuits prior to his arrest." They are liars and deserves the monetary judgments that liars deserve.

52. Wherefore, premises considered, Plaintiff respectfully prays that the Motion to Dismiss be denied, and the case move forward.

53. So requested on this, the 11th day of August, 2014.

_/s/ David Stebbins_
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com