UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID STEBBINS                                                              PLAINTIFF

VS                              CASE NO. 4:14-cv-227-KGB

STATE OF ARKANSAS                                                          DEFENDANTS
MIKE BEEBE, in his official capacity
as Governor of Arkansas

## SECOND MOTION FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Second Motion for the Defendants to be sanctioned for their repeated attempts to delay this case.

1. The Defendants now file their *third* motion to dismiss this action (Doc. 23), once again based entirely on what they perceive to be a lack of specificity in the Complaint (Doc. 2), Amended Complaint (Doc. 14), and Second More Definite Statement (Doc. 19).

2. In their third motion, the Defendants make a total of seven (7) claims and arguments that are blatantly in violation of Fed.R.Civ.P. 11.

   (a) First, they ask for *dismissal*, despite it being repeatedly explained to them that the case law overwhelmingly requires *amendment of complaint* under the circumstances they complain about. This is a violation of Fed.R.Civ.P. 11(b)(2).

   (b) They violate Fed.R.Civ.P. 11(b)(3) by completely ignore numerous factual allegations that Plaintiff made in his Second More Definite Statement (Doc. 19) to show that Plaintiff was involved in a statutorily protected activity, and then just act like Plaintiff never mentioned them.

   (c) They completely make up, out of thin air, a never-before-seen "essential" element of retaliation, and desire dismissal of the Complaint because of Plaintiff's failure to plead that

fact to their satisfaction.

(d)     In doing so, the Defendants frivolously attach completely irrelevant legal citation that does not support their argument in any conceivable way, and then they just pretend like it does support it.

(e)     They make the patently frivolous legal argument that they cannot be held liable for the actions of their attorneys.

(f)     They ask the Court to go against literally *centuries* of binding precedent by asking the Court to construe a few portions of Plaintiff's complaint (which *could* be interpreted as lending credence to the Defendants' argument that Plaintiff's arrest and criminal proceedings were for domestic battery, rather than an intent to retaliate), and dismiss the Complaint just on the possibility of exonerating evidence alone, without giving Plaintiff the opportunity to actually litigate the matter.

(g)     They commit another violation of Fed.R.Civ.P. 11(b)(3) when they completely ignore numerous specific factual allegations – instead just pretending like Plaintiff never made them – to support that he was conspired against and that his criminal proceedings were designed exclusively to persecute him.

3.      Even giving the Defendants the benefit of the doubt on their first two motions to dismiss, the Defendants have exhausted all possible sympathy on their third motion to dismiss, where they just make stuff up and completely lie about everything. After their third motion to dismiss, it is clear that they desire only to delay these proceedings as long as possible.

(a)     This, standing by itself, counts as an eighth, separate grounds for a Rule 11 violation. Specifically, it means that the entire Motion to Dismiss was filed, in the first place, in violation of Fed.R.Civ.P. 11(b)(1).

4. The Court cannot, in a sound exercise of its discretion, make the finding that the Defendants are not in violation of Fed.R.Civ.P. 11. The thing to consider is whether the Defendants have made a reasonable inquiry into the facts or law surrounding the issue, which they clearly have not done.

5. Thus, under the precedent of *O'Connell v. Champion Intern. Corp.*, 812 F. 2d 393, 395 (8th Cir. 1987), this Court is *required* to sanction the Defendants for these violations.

6. If the Defendants realize that they are going to be held liable – and publicly humiliated, to boot – if the case goes to jury trial, and they want to avoid a jury trial for that exact reason, then the proper course of action is NOT to delay the case by plaguing the case with Motion after Motion. Rather, the proper course of action is to enter into settlement negotiations with the plaintiff.

7. A Brief in Support is being filed simultaneously with this Motion, and is hereby incorporated by reference.

8. Wherefore, premises considered, Plaintiff respectfully prays that the Defendants be sanctioned for delaying this case in bad faith, costs incurred be awarded, and any other relief to which Plaintiff may be entitled.

9. So requested on this, the 11th day of August, 2014.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com