UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 12 2014

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

DAVID STEBBINS                                    PLAINTIFF

VS                            CASE NO. **4:14-cv-227-KGB**

STATE OF ARKANSAS                                 DEFENDANTS
MIKE BEEBE, in his official capacity
as Governor of Arkansas

### BRIEF IN SUPPORT OF [026] SECOND MOTION FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Brief in

Support of Doc. 26, his Second Motion for the Defendants to be sanctioned for their constant

delaying of this case.

### BACKGROUND

1.      Plaintiff filed this current action against the State of Arkansas, arguing that the State –

acting through its freely- and voluntarily-chosen counsel, Wes Bradford – initiated and

maintained domestic battery criminal proceedings against him for the sole purpose of persecuting

Plaintiff because of his numerous ADA discrimination lawsuits.

2.      The Defendants in this case have already filed two Motions to Dismiss Plaintiff's

complaint "in its entirety with prejudice."

3.      These motions to dismiss were founded entirely on a lack of specificity in the Complaint

and Amended Complaint, even though the Original Complaint was sufficient under the precedent

of *Doe v. Cassel*, 403 F.3d 986, 988-989 (2005).

4.      After the first Motion to Dismiss, Plaintiff pointed out to both the Court and the

Defendants that they are not entitled to summary dismissal under the conditions spoken of in ¶ 2

of this Brief; instead, the proper recourse is to file a Motion for More Definite Statement.  See

Doc. 10, ¶¶ 1-9.  See also Doc. 12, ¶¶ 14-19.

5.      The Defendants filed a Response in Opposition to Plaintiff's Motion for Sanctions,
denying Plaintiff's motion, but being unable to provide any actual counter-argument or rebuttal
evidence against the motion (because none exists; Plaintiff's motion was entirely meritorious).
See Doc. 17.

6.      In an attempt to move this case forward without the need to involve the court just yet,
Plaintiff filed an Amended Complaint, attempting to humor the Defendants by providing the
clarification they desire.

7.      This Amended Complaint was *still* met with a Second Motion to Dismiss (or SMD, for
short), still asking the case to be dismissed simply for lack of specificity in the pleading, despite
it being

8.      In the SMD, not only did the Defendants still complain about a lack of specificity in the
Complaint, but they also made up an entirely new, never-before-seen "essential element" that
they claim Plaintiff is required to plead:  They say that Plaintiff has not plead that the Defendants
"knew of" the protected activity.

9.      In his Response in Opposition to this SMD (Doc. 18), Plaintiff attempted to explain to the
Defendants that this is not an essential element.  Rather, their lack of knowledge of the protected
activity could be a means of rebutting the element of "causal connection," but that would be a
defense on the merits, not a grounds for summary dismissal. See Doc. 18, ¶¶ 21-27.

10.     Plaintiff also filed a *Second* More Definite Statement (or SMDS, for short), attempting,
once again, to move the case forward and not cause any more delays (even though, yet again, he
was not required to under the precedent of *Doe v. Cassel*).  See Doc. 19.  In this SMDS, Plaintiff
attempted to explain, in as much detail as possible, the nature of his Complaint and exactly what

the Defendants did – acting through their counselor, Wes Bradford – to retaliate against Plaintiff for his ADA discrimination lawsuits.

11.     Plaintiff was in the hopes that this new, highly-detailed SMDS would finally cause the Defendants to understand the nature of Plaintiff's claim, and the case to finally move forward.

12.     However, the Defendants now file a *Third* Motion to Dismiss, once again asking for dismissal rather than more specificity in the Complaint, despite it having been repeatedly explained to them that the remedy they seek is not allowed under the overwhelming case law.

13.     However, the Third Motion to Dismiss was even worse than the two Motions to Dismiss that came before it.  The Third Motion to Dismiss contained a total of *__six__* patently frivolous arguments from the Defendants!  SIX!

14.     These patently frivolous arguments are:

(a)     Completely ignore numerous factual allegations that Plaintiff made in his Second More Definite Statement (Doc. 19) to show that Plaintiff was involved in a statutorily protected activity, and then just act like Plaintiff never mentioned them.

(b)     Re-raising their argument that Plaintiff is "required to plead" that the Defendants knew of the protected activity.

(c)     However, this time, their raising of completely nonexistent legal requirements is even worse, because they are also completely making up legal citations that do not support their arguments in any way, shape, or form, and then, they just pretend like those citations do support them.

i.     Specifically, they cite the precedent of *Bradley ex rel. Bradley v. Arkansas Dep't of Educ.*, 443 F.3d 965 (8th Cir. 2006).

ii.     This case, however, has ABSOLUTELY NOTHING to do with the issue at hand

(See Doc. 24, ¶ 24), and even if it did, the case lists the essential elements of retaliation, and those elements do NOT include "that the Defendant knew of the protected activity" as being among those elements (See Doc. 24, ¶¶ 25-26).

(d)     They make the patently frivolous legal argument that they cannot be held liable for the actions of their attorneys.

(e)     They completely ignore numerous specific factual allegations – instead, opting to just pretend like Plaintiff never made them – to support that he was conspired against and that his criminal proceedings were designed exclusively to persecute him.  They then use their omission of those pleadings to support Plaintiff's claim that he never made them.

(f)     Furthermore (and it bears repeating, here), the Defendants are trying to have this case thrown out via summary dismissal, even though overwhelming case law clearly demonstrates that the appropriate remedy is a more definite statement!

15.     Last but not least, these legal arguments make it perfectly clear that the Defendants are not filing these Motions to Dismiss out of a legitimate belief that they are entitled to dismissal, but rather, simply to delay their having to file a complaint.

## APPLICABLE LAW AND STANDARDS

16.     "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; the

factual contentions have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery" See

Fed.R.Civ.P. 11(b)(1)-(3).

17.    " Rule 11 makes sanctions mandatory when a violation of the Rule occurs..." See

*O'Connell v. Champion Intern. Corp.*, 812 F. 2d 393, 395 (8th Cir. 1987).

18.    "...but whether a violation has occurred is a matter for the court to determine, and this

determination involves mat-ters of judgment and degree." See *id.*

19.    This, of course, begs the question ... what constitutes an abuse of discretion?

20.    This question is answered by the precedent of *Kern v. TXO Production Corp.*, 738 F.2d

968, 970 (8th Cir. 1984), which states, in pertinent part, the following:

> "That is, when we say that a decision is discretionary, or that a district court has
> discretion to grant or deny a motion, we do not mean that the district court may do
> whatever pleases it. The phrase means instead that the court has a range of choice,
> and that its decision will not be disturbed as long as it stays within that range and
> is not influenced by any mistake of law. An abuse of discretion, on the other hand,
> can occur in three principal ways: when a relevant factor that should have been
> given significant weight is not considered; when an irrelevant or improper factor
> is considered and given significant weight; and when all proper factors, and no
> improper ones, are considered, but the court, in weighing those factors, commits a
> clear error of judgment."

21.    With this precedent in mind, we turn back to the O'Connell precedent, which states,

that,in regards to determining whether or not a violation of Rule 11 has occurred, "[t]he issue is

whether the person who signed the pleading conducted a reasonable inquiry into the facts and

law supporting the pleading." See *O'Connell* at 395.

22.    With the law now established, we now turn to the merits.

## ARGUMENT AND DISCUSSION

23.    For the reasons set forth below, the Defendants unquestionably committed seven (7)

distinct violations of Rule 11 (four violation of Rule 11(b)(2), two violations of Rule 11(b)(3), and one violation of Rule 11(b)(1)), and should suffer seven (7) independent sanctions for each of their violations.

### Violation No. 1:  Ignoring the pleadings Plaintiff actually gave.

24.     First, the Defendants argue "It is not clear from the Second More Definite Statement what role the ADA played in these lawsuits."  See Doc. 23, Page 5, Lines 6-8.

25.     Plaintiff has already explained, in his Response in Opposition to the Defendant's frivolous motion (See Doc. 24), that Plaintiff indeed did specify "what role the ADA played int his lawsuits." see Doc. 24, ¶ 13.

26.     For the purposes of *this* motion, however, the Defendants' assertion thereof is still deserving of sanctions.  The Defendants simply lied when they claim that Plaintiff did not make the specifications he very obviously did make.

27.     This means that they violated the provisions of Fed.R.Civ.P. 11(b)(3).  Their factual contentions (that is... their contentions of Plaintiff's lack of pleading) simply go against the evidence.

28.     Therefore, the Court cannot, in a sound exercise of its discretion[1], make the finding that their complaint in Doc. 23, Page 5, Lines 6-8 is not in violation of Rule 11(b)(3).

29.     Therefore, this Court *must*[2] sanction the Defendants.

### Violation No. 2:  Completely non-existent essential element

30.      The Defendants assert that Plaintiff's Complaint, Amended Complaint, and SMDS should be dismissed because Plaintiff has not plead what they consider to be the "essential element" that the Defendants knew of the protected activity.

---

1    Remember ¶ 20 of this Brief.
2    Remember ¶ 17 of this Brief.

31.    This … is … not … an … essential … element!

32.    Plaintiff has already explained that the case law does NOT require him to plead – in his Complaint – that the Defendants knew about the protected activity.

33.    Rather, Plaintiff has given the Defendants the consolation that their lack of knowledge of the protected activity could be a defense on the merits to the element of causal connection.  See Doc. 18, ¶¶ 25-27.

34.    The problem, here, is that the Defendants simply do not like this consolation they have been offered.  However, this does not give them the right to plague the court system with frivolous legal arguments that are completely unfounded in law.

35.    Therefore, the Court cannot, in a sound exercise of its discretion[3], make the finding that their argument is not in violation of Rule 11(b)(2).

36.    Therefore, this Court *must*[4] sanction the Defendants.

### Violation No. 3:  Completely immaterial case law citation

37.    Continuing their violation we previously discussed, the Defendants – in a shameless attempt to create the ***ILLUSION*** that their patently frivolous legal argument is supported by case law – have cited the precedent of *Bradley v. Ark. Dept. of Edu.*, 443 F.3d 965 (2006).

38.    The Defendants were obviously in the hopes that the Court simply would not check the verity of their legal citations, because if the Court had taken even a two-second glance at the precedent they cite, it would have quickly realized that it had ***ABSOLUTELY NOTHING*** to do with the case at hand.

    (a)    For starters, the appellants were appealing a judgment of a District Judge, after a bench trial, not a summary dismissal of a Complaint for failure to state a claim.

---

3    Remember ¶ 20 of this Brief.
4    Remember ¶ 17 of this Brief.

(b)     Second, at nowhere in the entire opinion does it state that the Plaintiff is required to

plead "the Defendants knew of the protected activity." The only time where it lists the

essential elements of retaliation, it only lists three essential elements:

> "To make out a case of retaliation under § 504, the Bradleys must show they were
> engaged in protected activity, the School District took some adverse action, and a
> causal connection between the activity and the District's action." See *id* at 976.

(c)     Third, at no point does this precedent give even the slightest indication that the

Defendants prevailed because the Plaintiff was unable to prove that they did not know about

the protected activity. Rather, based on the nature of the claim (school principal filing a

criminal complaint against a parent after a physical threat which occurred during an ADEA

conference), it seems rather impossible that the State would not have known about the

protected activity.

39.     Therefore, the Court cannot, in a sound exercise of its discretion[5], make the finding that

their argument is not in violation of Rule 11(b)(2).

40.     Therefore, this Court *must*[6] sanction the Defendants.

### Violation No. 4:  Argument that they are not liable for their counselor's actions

41.     Because the Defendants really, really, really do not want to have to file an Answer in this

case, they are making up some of the most ludicrous legal theories imaginable.

42.     This one comes from Doc. 23, Page 5, Lines 14-15, where they argue that the State

cannot be said to know about Plaintiff's protected activity simply by reason of the fact that its

lawyer knew about the protected activity.

43.     This is complete bullcrap. It is extraordinarily established law that a party (and the State

is no different) can be held liable for the actions of its counsel.

---

5   Remember ¶ 20 of this Brief.
6   Remember ¶ 17 of this Brief.

(a)     *Boogaerts v. Bank of Bradley*, 961 F. 2d 765, 768 (8th Cir. 1992)

"It is of no consequence that the … abuse perpetrated was by counsel rather than the plaintiff-client. A litigant chooses counsel at his peril."

(b)     *Comiskey v. JFTJ CORP.*, 989 F. 2d 1007, 1010 (8th Cir. 1993)

"It is a well-established principle that a party is responsible for the actions and conduct of his or her counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions."

(c)     *Link v. Wabash R. Co.*, 370 US 626 (1962)

"[Defendants] voluntarily chose this attorney as [their] representative in the [criminal] action, and [they] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent <u>and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'</u>"

44.    Notice the last part of the *Link v. Wabash* citation, the portion which has been underlined for emphasis.  The Defendants argue that they are not deemed to have knowledge of a particular fact simply because one of their attorneys had that same knowledge and used it in a case where that attorney was representing them.  However, the law of the land clearly states the exact opposite:  That a client indeed does know whatever their attorney knows.

45.    The Defendants' half-baked attempt to create, out of thin air, a legal defense here is entirely contrary to literally DECADES of established precedent.

46.    Therefore, the Court cannot, in a sound exercise of its discretion[7], make the finding that their argument in Doc. 23, Page 5, Lines 14-15 is not in violation of Rule 11(b)(2).

47.    Therefore, this Court *must*[8] sanction the Defendants.

**Violation No. 5:  Asking the Court to violate literally centuries of binding precedent.**

48.    In order to set up for the argument that Plaintiff has not plead any facts to support the

---

7   Remember ¶ 20 of this Brief.
8   Remember ¶ 17 of this Brief.

element of causal connection (that argument will be addressed when this Brief discusses

Violation No. 6), the Defendants make the following statements:

> "On the contrary, Plaintiff makes allegations demonstrating that the arrest resulted
> from legitimate law enforcement activity, and it seems that the police arrived because
> Plaintiff himself called them. *See, e.g.*, Doc. 19, ¶ 45 (arrest report did speak of a
> knife that was found in the kitchen sink); ¶ 35 ('Plaintiff … ran to the landline phone
> and called the Boone County Sheriff's Department')."

49.     In making these statements, they make the argument that Plaintiff's pleading of these

facts, standing alone, means that Plaintiff should not even so much as be given the chance to

prove the domestic battery as a pretext for discrimination.

50.     Plaintiff has already explained, in his Response to the Third Motion to Dismiss, how the

Defendants are not entitled to dismissal for this reason.  See Doc. 25, ¶¶ 31-41 (a Court must

view all factual allegations in a Complaint, not only as true, but also in a light most favorable to

the Plaintiff, meaning the Court must accept the domestic battery as pretext, and the complaint

must only be dismissed if it appears beyond doubt that Plaintiff can prove no set of facts that

would show it to be pretextual).  The contents of those paragraphs are hereby incorporated by

reference.

51.     However, for the purposes of this Brief, it is imperative to realize that they cannot

possibly be seeking this relief in good faith, or out of any reasonable belief that they are entitled

to it.  Plaintiff has, in Doc. 25, ¶¶ 31-41, cited but a single case to support of that argument.  That

was because, for the purposes of getting the Motion to Dismiss denied, one binding precedent

was sufficient.

52.     However, for the purposes of sanctions, it is imperative to understand that this one case

was reflective of centuries – LITERALLY CENTURIES – of precedent, dating all the way back

to Medieval common law.

53.     To prove how well-established this issue of law is, here are a total of ***MORE THAN***

***TWO DOZEN*** other published cases from the 8th Circuit and the Supreme Court, that repeatedly

affirm Plaintiff's position:

(a)     Leimer v. State Mut. Life Assur. Co., 108 F. 2d 302 (8th Cir. 1940)
(b)     Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957)
(c)     US v. Aceto Agr. Chemicals Corp., 872 F. 2d 1373, 1376 (8th Cir. 1989)
(d)     May v. Commissioner of Internal Revenue, 752 F.2d 1301, 1303 (8th Cir.1985)
(e)     Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)
(f)     Price v. Moody, 677 F.2d 676, 677 (8th Cir.1982)
(g)     Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)
(h)     Price v. Moody, 677 F.2d 676, 677 (8th Cir.1982)
(i)     Miller v. Redwood Toxicology Laboratory, Inc., 688 F. 3d 928, 934 (8th Cir. 2012)
(Footnote #5)
(j)     Eckert v. Titan Tire Corp., 514 F. 3d 801, 806 (8th Cir. 2008)
(k)     Henley v. Brown, 686 F. 3d 634, 636 (8th Cir. 2012) (Footnote #1)
(l)     Davenport v. Farmers Ins. Grp., 378 F.3d 839, 841 (8th Cir.2004)
(m)     Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004).
(n)     Ashley County, Ark. v. Pfizer, Inc., 552 F. 3d 659, 665 (8th Cir. 2009)
(o)     Little Gem Life Ssciences v. Orphan Medical, 537 F. 3d 913, 915 (8th Cir. 2008)
(Footnote #2)
(p)     Hastings v. Wilson, 516 F. 3d 1055, 1058 (8th Cir. 2008)
(q)     Kohl v. Casson, 5 F. 3d 1141, 1148 (8th Cir. 1993)
(r)     Patterson v. Von Riesen, 999 F. 2d 1235, 1237 (8th Cir. 1993)
(s)     Davis v. Hall, 992 F. 2d 151, 152 (8th Cir. 1993)
(t)     Eckert v. Titan Tire Corp., 514 F. 3d 801, 806 (8th Cir. 2008)
(u)     Wishnatsky v. Rovner, 433 F. 3d 608, 610 (8th Cir. 2006)
(v)     In re Operation of Missouri River System Lit., 418 F. 3d 915, 917 (8th Cir. 2005).
(w)     Norwood v. Dickey, 409 F. 3d 901, 903 (8th Cir. 2005)
(x)     Kottschade v. City of Rochester, 319 F. 3d 1038, 1040 (8th Cir. 2003)
(y)     Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994)
(z)     Jackson Sawmill Co. v. United States, 580 F. 2d 302, 306 (8th Cir. 1978)
(aa)    Bramlett v. Wilson, 495 F.2d 714, 716 (8th Cir.1974)
(bb)    Jenkins v. McKeithen, 395 US 411, 422 (1969)

54.     Those are just published cases alone, and only from the 8th Circuit and Supreme Court.

Include all unpublished cases, and all cases (published or unpublished alike) from all American

courts (whether state or federal), and the number of cases affirming this basic concept would

easily be six digits long, if even that small.

55.    The appropriate standard, when considering sanctions, is "whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." See *O'Connell v. Champion Intern. Corp.*, 812 F. 2d 393, 395 (8th Cir. 1987).  No attorney who complies with that requirement could possibly believe that the Court should dismiss an action, simply because some portions of the Plaintiff's complaint create the *possibility* of a defense, because the amount of law is simply mind-boggling.

56.    Indeed, this is the sort of thing that SHOULD be taught to students in law school! Meaning that, simply by reason of the fact that the Defendants are represented by counsel in this case, for them to make THIS particular mistake is automatically inexcusable.

## Violation No. 6:  Completely ignoring pleadings Plaintiff actually gave

57.    On the same vein as Violation No. 1, the Defendants also assert that Plaintiff has not alleged sufficient facts to support the element of causal connection.

58.    In support of their argument, they claim that the only new fact Plaintiff provided in his SMDS was that "Prosecutor Wes Bradford offered Plaintiff, who was represented by counsel, a guilty plea requiring that Plaintiff 'dismiss any/all pending Pro Se lawsuits.'" Doc. 23, Page 6, Lines 18-20.

59.    This is an bald-faced lie!  The Defendants are not simply wrong; they are outright lying.

60.    Plaintiff gave PLENTY of facts to support the element of causal connection (even though he is not required to give them, under *Doe v. Cassel*), and has already explained as much in his Response in Opposition to the Third Motion to Dismiss.  See Doc. 24, ¶¶ 33-34.

61.    No person who has made conducted even a summary review of the SMDS would actually think that Plaintiff has not stated any facts other than that listed in ¶¶ 60-62 of the SMDS.

62.    The Defendants may yet still disagree that the facts that were alleged are still insufficient

to support the cause of action.  However, they have not gone that route yet.  There is a big

difference between listing all relevant factual allegations, and then frivolously claiming that these

factual allegations are insufficient, and completely ignoring numerous relevant factual

allegations and pretending like they never were given.  There is a ***BIG*** difference.

63.     Therefore, the Court cannot, in a sound exercise of its discretion[9], make the finding that

their argument is not in violation of Rule 11(b)(3).

64.     Therefore, this Court *must*[10] sanction the Defendants.

### Violation No. 6:  Demanding dismissal, despite overwhelming case law

65.     At the end of the Defendant's Motion, they asked for dismissal, not simply a more

definite statement.

66.     The Defendants have already had it explained to them (with ***three*** case law citations, to

boot!  ***THREE!!!***) that the appropriate remedy under the circumstances is not summary

dismissal, but a more definite statement.

67.     Despite this, the Defendants continue to delay this case by asking for a dismissal they

plainly know they do not deserve.

68.     It is one thing to be mistaken about the law; anyone can make a mistake.  However, when

you have the law explained to you, with legal citations to boot, and STILL choose to not follow

the law, then this is not a mistake; the Defendants, in this case, are simply abusing the Rule 12(b)

Motion to Dismiss and causing unnecessary delay in the proceedings.

69.     Therefore, the Court cannot, in a sound exercise of its discretion[11], make the finding that

their argument is not in violation of Rule 11(b)(2).

---

9   Remember ¶ 20 of this Brief.
10  Remember ¶ 17 of this Brief.
11  Remember ¶ 20 of this Brief.

70.    Therefore, this Court *must[12]* sanction the Defendants.

### Violation No. 7:  Intent to delay proceedings

71.    Plaintiff has already given an argument, in Doc. 12 (the Brief in Support of his First Motion for Sanctions), for why the Court should have made the finding, then, that the Defendants were attempting to delay the proceedings.  The contents of Doc. 12, ¶ 46-73 are hereby incorporated by reference.

72.    All six violations previously discussed n this Brief, as well as the five violations discussed in Plaintiff's First Motion for Sanctions (Docs. 11 & 12), taken collectively, demonstrate a clear pattern and desire on the part of the Defendants to delay their having to file an Answer in this case.

73.    This has the effect of delaying their liability for their actions.  Plaintiff has already explained his logic, in Doc. 12, ¶ 41-44.  The contents of those paragraphs are hereby incorporated by reference.

74.    However, this time, the Defendants have even less excuse.  Why?  Because with their First Motion to Dismiss (Docs. 8 & 9), they at least had a sliver of presumption that they were acting in good faith.

75.    This time, however, the Defendants have had the legal research done for them by Plaintiff!  They have had the applicable law and standards handed to them, point blank, on a silver platter, and they are STILL acting inconsistently with the law.

76.    In fact, they are doing even worse:  They are ***making stuff up!***  They are attaching totally unrelated legal authorities to their arguments in the hopes that the Court will not actually go and check the case law, and they are ***completely ignoring*** the numerous factual allegations that

---

12  Remember ¶ 17 of this Brief.

Plaintiff has given in his SMDS, just so they can CLAIM that Plaintiff has not given them.

77.     There is absolutely no way that the Defendants are acting in good faith.  It is 100% abundantly clear, at this point, that they are simply trying to delay the proceedings in order to buy themselves more time.

78.     This means that the three Motions to Dismiss are clear violations of FRCP. 11(b)(1).

79.     This means that the Court *must* sanction the Defendants.

### SANCTIONS WHICH SHOULD ENSUE

80.     The Defendants have made it clear that they intend to delay their having to file an Answer – even if the case law is plainly against it – for as long as they can.  They have made it clear that they will even make stuff up and attach completely unrelated legal citations to their made-up arguments, in order to facilitate this delay.

81.     In light of this evidence, the Court cannot, in a sound exercise of its discretion[13], make the finding that the Defendants are not engaging in a pattern of intentional delay, and doing so in bad faith to boot.

82.     For this reason, perhaps the Court should consider issuing the sanction of default.

83.     The sanction of either default or dismiss (depending on whether the party to be sanctioned is the Defendant or the Plaintiff) is appropriate in a case where the party to be sanctioned has engaged in a pattern of intentional delay.  See *Arnold v. ADT Sec. Services, Inc.*, 627 F. 3d 716, 722 (8th Cir. 2010).  "A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff acted intentionally as opposed to accidentally or involuntarily."  See *id* (internal quotations omitted).

84.     There are three criteria that must be met before the sanction of default becomes

---

13  Remember ¶ 20 of this Brief.

appropriate:

    (a)     The Defendants' actions must be **intentional**.

    (b)     There must be a **pattern** of conduct on the part of the Defendants, and

    (c)     The conduct must have caused some sort of **delay**.

    (d)     Also, **bad faith**, while not *required*, per se, can still serve as an aggravating factor.

85.    All four of these criteria (the three essential ones, and the fourth, optional one) have been met in this case.

    (a)     The filing of a court paper – especially one that is nine pages long – cannot possibly be an accident.  Therefore, the element of "intent" not in any genuine dispute.

    (b)     The Defendants have filed three motions to dismiss in the course of two months.  This unquestionably suffices as a pattern.  See Johnson v. Douglas County Medical Department, 725 F.3d 825 (2013) (agreeing that three instances is sufficient to establish a pattern, but rejecting municipal liability ONLY on the grounds that these three instances all occurred in a single night, so the warden had no chance to learn about and subsequently authorize the instances … a technicality which is not present here, so the only remaining precedent is "three instances constitutes a pattern").

    (c)     As previously discussed, their filing of these motions to dismiss has undeniably caused a delay in this caseSee ¶ 63 of this Brief, as well as Doc. 12, ¶¶ 39-74.  This means that "delay" is also, without question, satisfied.

86.    This leaves us with only one remaining aggravating factor:  Whether they have acted in bad faith.  The answer to that question is, undoubtedly, that they indeed have acted in bad faith.

    (a)     While the benefit of the doubt may have been afforded to the Defendants with their First Motion to Dismiss (Docs. 8 & 9), and to a lesser extent with their second (Docs. 15 &

16), their *Third* Motion to Dismiss has eliminated any possibility that they could be acting in good faith.

(b)       Anyone can make a mistake, but with their Third Motion to Dismiss, they have already been explained that dismissal is NOT the appropriate remedy, and they continue to ask for it anyway, plaguing this case with unnecessary delays.

(c)       In addition, they have proven that they are prepared to literally make stuff up, and lie by saying that Plaintiff has not plead something he very clearly has plead.

(d)       Therefore, there is plenty of evidence of bad faith in this case.

87.       Therefore, the Court would be well within its discretion if it issued the sanction of default.

### Without default, sanctions are still mandatory.

88.       Even if the Court believes that the extreme sanction of default is not warranted in this case, that does not mean that the Motion for Sanctions may be denied.  Remember, " Rule 11 makes sanctions mandatory when a violation of the Rule occurs…" See *O'Connell v. Champion Intern. Corp.*, 812 F. 2d 393, 395 (8th Cir. 1987).  The Court must still issue SOME type of sanction.

89.       If the Court chooses not to issue the sanction of default, Plaintiff would at least ask the Court to consider awarding Plaintiff the pre-judgment interest that the Defendants' actions have cost Plaintiff.  Plaintiff already made this request in Doc. 12, ¶¶ 76-87, the contents of which are hereby incorporated by reference.

90.       This sanction would not merely be appropriate, but mandatory, since this particular sanction has already been specifically set forth in the statutes.  See 28 USC § 1927.

91.       In addition, in response to Violations 2 & 3, perhaps the Court should bar the Defendants

from raising that argument for the remainder of the case, even as a defense on the merits. After all, this makes sense: They had the applicable law explained to them, but they just could not accept that. If they are not going to raise this defense the correct way, why should they be allowed to raise it at all?

92.     Whatever the Court chooses to do, remember that it MUST impose SOME type of sanction. Sanctions are mandatory in this case. See *O'Connell v. Champion Intern. Corp.*, 812 F. 2d 393, 395 (8th Cir. 1987).

## CONCLUSION

93.     To wrap up this brief, let us recap the points:

(a)     The Defendants now file their third motion to dismiss this action (Doc. 23), once again based entirely on what they perceive to be a lack of specificity in the Complaint (Doc. 2), amended Complaint (Doc. 14), and Second More Definite Statement (Doc. 19).

(b)     In their third motion, the Defendants make three claims that are blatantly in violation of Fed.R.Civ.P. 11.

(c)     First, they ask for dismissal, despite it being repeatedly explained to them that the case law overwhelmingly requires amendment of complaint under the circumstances they complain about. This is a violation of Fed.R.Civ.P. 11(b)(2).

(d)     They violate Fed.R.Civ.P. 11(b)(3) by completely ignore numerous factual allegations that Plaintiff made in his Second More Definite Statement (Doc. 19) to show that Plaintiff was involved in a statutorily protected activity, and then just act like Plaintiff never mentioned them.

(e)     They completely make up, out of thin air, a never-before-seen "essential" element of retaliation, and desire dismissal of the Complaint because of Plaintiff's failure to plead that

fact to their satisfaction.

(f)     In doing so, the Defendants frivolously attach completely irrelevant legal citation that does not support their argument in any conceivable way, and then they just pretend like it does support it.

(g)     They make the patently frivolous legal argument that they cannot be held liable for the actions of their attorneys

(h)     They commit another violation of Fed.R.Civ.P. 11(b)(3) when they completely ignore numerous specific factual allegations – instead just pretending like Plaintiff never made them – to support that he was conspired against and that his criminal proceedings were designed exclusively to persecute him.

(i)     Even giving the Defendants the benefit of the doubt on their first two motions to dismiss, the Defendants have exhausted all possible sympathy on their third motion to dismiss, where they just make stuff up and completely lie about everything. After their third motion to dismiss, it is clear that they desire only to delay these proceedings as long as possible. This, standing by itself, counts as a seventh, separate grounds for a Rule 11 violation. Specifically, it means that the entire Motion to Dismiss was filed, in the first place, in violation of Fed.R.Civ.P. 11(b)(1).

(j)     The Court cannot, in a sound exercise of its discretion, make the finding that the Defendants are not in violation of Fed.R.Civ.P. 11. The thing to consider is whether the Defendants have made a reasonable inquiry into the facts or law surrounding the issue, which they clearly have not done.

(k)     Thus, under the precedent of *O'Connell v. Champion Intern. Corp.*, 812 F. 2d 393, 395 (8th Cir. 1987), this Court is REQUIRED to sanction the Defendants for these violations.

(l)     Because the Defendants have clearly engaged in a pattern of intentional delay, the Court would be soundly within its discretion to issue the sanction of default.

(m)     Even if the Court chooses not to issue the sanction of default, the Court still *has* to issue *some* type of sanction, as sanctions are mandatory.

(n)     The alternative sanction, if default is not issued, has already been decided by the statute of 28 USC § 1927.

94.     Wherefore, premises considered, Plaintiff's respectfully prays that the Defendants be sanctioned with sufficient severity that they be deterred from engaging in future acts designed only to delay Plaitniff's justice.

95.     So requested on this, the 11th day of August, 2014.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com