UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID STEBBINS                                                PLAINTIFFS

VS                        CASE NO. 4:14-cv-227-KGB

STATE OF ARKANSAS                                             DEFENDANTS
MIKE BEEBE, in his official capacity
as Governor of Arkansas

### MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF TO CLARIFY

1. Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion, and Incorporated Brief in Support Thereof, for the Court to clarify what details it wants Plaintiff to give in his Complaint.

2. Please find, attached to this motion, an order from a Magistrate Judge in the Western District of Arkansas. Its relevance to this motion will become clear in ¶ 13.

3. This Motion may be denied as moot if the Defendants' three Motions to Dismiss (Docs. 8 & 9, Docs. 15 & 16, and Docs. 22 & 23) are all denied. After all, at that point, to obvious answer to this Motion's question is "There is no further detail the Plaintiff needs to provide."

4. However, this motion may be granted, or denied, independently of Plaintiff's two pending Motions for Sanctions (Docs. 11 & 12, and Docs. 26 & 27). This motion is merely designed to make sure that, in the event that any of the Defendants' Motions to Dismiss are *granted*, Plaintiff will know exactly what he is supposed to do to rectify the problem.

### BACKGROUND

5. The Defendants have filed three Motions to Dismiss already. In each motion, they complain almost exclusively about a lack of specificity in Plaintiff's Complaint, Amended Complaint, and Second More Definite Statement.

Page 2 of 5

6.  For a party that tends to complain about a lack of specificity, they themselves sure expect Plaintiff to be a mind-reader. At no point, in any of these Motions, do the Defendants state, with any degree of specificity, the exact details that they desire Plaintiff to give. They do not even *attempt* to clue Plaintiff in on exactly what they expect out of him.

7.  Instead, they just say "Nope, sorry. That doesn't count; that's just a conclusion," without ever once telling us what they would consider to be a "specific factual allegation."

8.  Even though Plaintiff's Original Complaint (Doc. 2) was sufficient (See Doe v. Cassel, 403 F. 3d 986, 988 (8th Cir. 2005), specifically rejecting the District Court's order to delineate the Defendants and list specific acts and omissions), Plaintiff has, with every Motion until now, tried, in good faith, to move this case forward by giving them the details he thought they wanted. However, with every new Statement filed, the Defendants have simply filed another Motion to Dismiss, once again not giving any clarification as to what they actually want.

9.  Here is a good example of the sort of behavior on the part of the Defendants that Plaintiff is complaining about in this motion:

   (a)  They argue that Plaintiff has not plead sufficient facts to establish the nonexistent[1] "essential element" that the Defendants "knew of" the protected activity. They acknowledge that Plaintiff offered *something* to allege that the Defendants knew about the protected activity, but they argue that "This is a conclusory, conjectural statement."

   (b)  Well, what exactly do they expect Plaintiff to say? What counts as a "conclusion," and what counts as a "specific factual allegation?"

   (c)  Do they expect Plaintiff to give specific instances of conduct that Wes Bradford did that leads Plaintiff to believe that he knew of Plaintiff's protected activities? Because

---

1   Plaintiff has already discussed this issue, in depth, in ¶¶ of his Brief in Support of Second Motion for Sanctions, the contents of which are hereby incorporated by reference for brevity's sake.

Page 3 of 5

Plaintiff absolutely has given those instances. Doc. 19, ¶ 59(a)-(c) outlines three instances where Bradford made it perfectly clear that he knew about Plaintiff's lawsuits, and despised Plaintiff for them.

(d)    Do they want Plaintiff to plead the exactly when, where, and how Bradford accumulated this knowledge? If so, how in God's holy name is Plaintiff supposed to know that?

(e)    And why is THAT so important that a lawsuit cannot even so much as commence (let alone go to trial) without it?

(f)    ***WHAT DO YOU WANT?!***

10.    Here is another good example:

(a)    The Defendants argue that Plaintiff "merely *alleges* retaliation" and "Plaintiff has not alleged any fact [to support the element of causal connection] beyond the fact that he filed lawsuits prior to his arrest." See Doc. 23, Page 6, Line 9 and Doc. 23, Page 5, Lines 21-22, respectively.

(b)    They have not offered any explanation, whatsoever, why they believe that Doc. 19, ¶¶ 56-57, 58-59, 64-65, 66, 71, and 76 are insufficient to suffice as "any fact" alleged.

11.    So, as you can see, the Defendants expect Plaintiff to read their minds and figure out for himself the additional information they want him to plead.

## DISCUSSION AND REQUEST

12.    In the event that the Court agrees with the Defendants that Plaintiff's pleadings are merely conclusory, Plaintiff asks the Court to state, with specificity, the precise details it wants Plaintiff to give in his next Amended Complaint. Plaintiff is clearly putting forth his all to move this case forward, so there is no reason why Plaintiff should be denied court access, simply because he has

Page 4 of 5

not given the level of detail he never knew he needed.

13. Plaintiff is hereby attaching, to this motion, an order from a Magistrate Judge in the Western District of Arkansas. In this order, the Magistrate Judge provides – of his own initiative – the type of clarification that Plaintiff requests in this case. Instead of expecting Plaintiff to read his mind, he asks *specific* questions that Plaintiff can actually give definitive answers to, that help to make the Complaint less "conclusory," as the Defendants put it.

14. The purpose for this attachment is to help serve as an example of how the Court can accommodate this Request for Clarification. If the Court were to ask Plaintiff specific questions concerning the nature of his claim, in an effort to cause the Complaint to no longer be "merely conclusory," then Plaintiff would happily oblige.

15. All Plaintiff asks is that the Court simply **_TELL HIM_** what he needs to do, and not expect Plaintiff to read anyone's mind! Is that too much to ask?

16. However, as it currently stands, the Defendants are basically asking Plaintiff to read their minds and figure out for themselves the extra information they expect Plaintiff to give.

### Reasons for Granting this Motion

17. First and foremost, Plaintiff has the fundamental right to access a court to seek justice against those who wrong him. That much is axiomatic.

18. While the 8th Circuit has not yet touched upon the issue, there is persuasive precedent that can help sway the Court in the Plaintiff's favor. It comes from the 9th Circuit, and goes by the name of *Noll v. Carlson*, 809 F. 2d 1446 (9th Cir. 1987).

19. On page 1448 of that precedent, it says that a Plaintiff is entitled to five things in case of a Motion to Dismiss. Two of them are: "(4) in the event of dismissal, a statement of the grounds therefor, and (5) an opportunity to amend the complaint to overcome the deficiency unless it

Page 5 of 5

clearly appears from the complaint that the deficiency cannot be overcome by amendment." See *id* at 1448.

20. The Court should not dismiss an action is there is the reasonable possibility of any deficiencies in the Complaint being rectified. Therefore, Plaintiff asks the Court to give him the benefit of the doubt and tell him, in no uncertain terms, exactly what Plaintiff needs to include that would cause the Complaint to no longer be "merely conclusory allegations."

## CONCLUSION

21. Wherefore, premises considered, Plaintiff respectfully prays that the Court can give Plaintiff a precise, unambiguous list of things it wishes for Plaintiff to plead that it would consider to be "specific factual allegations," and not "mere conclusions."

22. So requested on this, the 11th day of February, 2014.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                    PLAINTIFF

v.                               Civil No. 11-3057

LEGAL AID OF ARKANSAS                                                          DEFENDANT

### ORDER

David Stebbins submitted this *pro se* action for filing under the provisions of the Americans with Disabilities Act (ADA). Plaintiff filed a motion to proceed *in forma pauperis* (IFP)(Doc. 2). The motion (Doc. 2) is granted.

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). Upon review of the complaint (Doc. 1) and the amended complaint (Doc. 5), the Court finds the Plaintiff has provided insufficient factual allegations for the Court to determine whether Plaintiff has stated a claim under Title III of the ADA. For this reason, Plaintiff is directed to file an amended complaint by **September 30, 2011.** The amended complaint should state: (1) what accommodations he requested in February of 2011; (2) whether the request for accommodations was made in connection with Defendant's provision of services to him; (3) what major life activity he is substantially impaired in as a result of Asberger's Syndrome; and (4) why he believes Defendant's refusal to represent him in June of 2011 was the result of discrimination on the basis of his disability

Plaintiff is advised that failure to comply with this order will result in the summary dismissal of this case. Plaintiff is further advised that he has an obligation to keep the Court

-1-

AO72A
(Rev. 8/82)

informed of any changes in his address. If he fails to do so and the court receives returned mail, the case will be subject to dismissal.

IT IS SO ORDERED this 13th day of September 2011.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE