## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**DAVID STEBBINS**                                                                                         **PLAINTIFF**

**v.**                                  **Case No. 4:14-cv-00227-KGB**

**STATE OF ARKANSAS and**
**MIKE BEEBE, in his official capacity**
**as governor of Arkansas**                                                          **DEFENDANTS**

## ORDER

Plaintiff David Stebbins brings this action against the State of Arkansas and Mike Beebe in his official capacity as Governor of Arkansas, alleging violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. Before the Court are three motions to dismiss filed by defendants (Dkt. Nos. 8, 15, 22), two motions for sanctions filed by Mr. Stebbins against defendants for alleged violations of Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (Dkt. Nos. 11, 26), and Mr. Stebbins's motion to clarify (Dkt. No. 28).

The Court denies as moot defendants' first two motions to dismiss for failure to state a claim (Dkt. Nos. 8, 15) because Mr. Stebbins has filed what the Court construes as a second amended complaint subsequent to those motions (Dkt. No. 19). In considering defendants' third motion to dismiss, the Court need not consider Mr. Stebbins's prior complaints except those paragraphs incorporated by reference in his second amended complaint (Dkt. Nos. 2, 14). *See Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co.*, 68 F.2d 787, 788 (8th Cir. 1934) (finding that the court need not "give attention to the previous pleadings," as they were "superseded by the second amended complaint"). For the reasons below, the Court grants defendants' third motion to dismiss for failure to state a claim (Dkt. No. 22). Also, finding no

violation of Rule 11 or § 1927, the Court denies Mr. Stebbins's motions for sanctions (Dkt. Nos. 11, 26).  Lastly, the Court denies as moot Mr. Stebbins's motion to clarify (Dkt. No. 28).

I.    **Factual Background**

The following facts are taken from Mr. Stebbins's second amended complaint (Dkt. No. 19).  In 2010 and 2011, Mr. Stebbins filed *pro se* several lawsuits against various defendants, none of whom are named as defendants in this action, alleging ADA discrimination or ADA retaliation.  On November 24, 2011, Mr. Stebbins was arrested in Boone County, Arkansas, for domestic battery.  Mr. Stebbins denies committing the underlying crime and claims that his former landlord, father, and others conspired to put him in the situation and plant the evidence that led to his arrest.

Four days after his arrest, Boone County prosecutor Wes Bradford charged Mr. Stebbins with domestic battery in the second degree.  Mr. Stebbins claims that, while he was in pretrial incarceration, a Boone County jailer told him, "You've been allowed to abuse the legal system because people felt sorry for you!  And now the system is gonna give you a big ass-raping!" (*Id.* at 14-15).  Mr. Bradford originally offered a plea agreement that required, among other conditions related to the crime allegedly committed by Mr. Stebbins, Mr. Stebbins to dismiss all of his pending *pro se* lawsuits.  For some time, Mr. Bradford refused to negotiate this provision.  On February 3, 2013, Mr. Bradford withdrew the demand that Mr. Stebbins dismiss his lawsuits, in part, Mr. Stebbins claims, because a magistrate judge had recommended the proscriptive restriction of Mr. Stebbins's litigation practices.  On February 8, 2013, a plea agreement was reached that called for, among other things, dismissal of the charges without conviction.

## II.    Third Motion To Dismiss

### A.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  While "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.  The Court must assume the well-plead factual allegations contained in the complaint as true and must draw all reasonable inferences from the complaint in favor of the nonmoving party.  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Mr. Stebbins contends that defendants' arguments are not properly brought in a motion to dismiss but instead should have been brought in a motion for more definite statement under Rule 12(e), which would provide him the opportunity to amend his complaint.  The Federal Rules of Civil Procedure allow a party to amend its pleading once as a matter of course without seeking leave of the Court.  Fed. R. Civ. P. 15(a).  Because Mr. Stebbins has already filed two amended

complaints and has not moved to file a third, these issues are moot.  Even so, the Court notes that Rule 12(e) is designed to strike unintelligible pleadings, not those merely lacking detail, and that a Rule 12(e) motion is properly granted only where a "major ambiguity or omission in the complaint" renders it "unanswerable."  *Brasel v. Weyerhaeuser Co.*, Nos. 4:07-CV-4037, 4:07-CV-4041, 2008 WL 693805, at *1 (W.D. Ark. Mar. 12, 2008) (quoting *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D. Mich. 1988)).  Moreover, Rule 12(b)6) and 12(e) motions are somewhat interchangeable and may be brought at the same time, as both standards involve considering whether the complaint provides adequate notice.  *See Twombly*, 550 U.S. at 555; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Defendants' motions to dismiss are appropriate under the circumstances here.

### B.    Analysis

#### 1.    ADA and Rehabilitation Act Claims

Defendants also move to dismiss Mr. Stebbins's ADA and Rehabilitation Act retaliation claims for failure to state a claim upon which relief may be granted.  To make out a *prima facie* case for ADA retaliation in a non-employment context, a plaintiff must prove that (1) the plaintiff engaged in protected activity, (2) the defendant took some adverse action against plaintiff, and (3) a causal connection exists between the protected activity and the defendant's adverse action.  *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999).  Because the anti-discrimination provision of the Rehabilitation Act incorporates the anti-retaliation provision of the ADA, 29 U.S.C. § 794(a), (d), the *prima facie* case of retaliation under the Rehabilitation Act is the same as that under the ADA.  *See Allison v. Dep't of Corr.*, 94 F.3d 494, 497 (8th Cir. 1996) (holding that cases interpreting the ADA and Rehabilitation Act are interchangeable); *see also Bradley ex rel. Bradley v. Ark. Dep't of Educ.*, 443 F.3d 965, 976 (8th Cir. 2006) (providing

*prima face* case for retaliation under Rehabilitation Act).  Defendants appear to concede that they took an adverse action against Mr. Stebbins—namely, criminally prosecuting him—but argue that the facts alleged do not support the other *prima facie* elements.

First, defendants argue that Mr. Stebbins's second amended complaint does not contain factual content allowing the Court to infer reasonably that he engaged in protected conduct.  A plaintiff engages in protected activity when he opposes any act or practice that the ADA makes unlawful.  42 U.S.C. § 12203(a).  "A person cannot show that he engaged in a statutorily protected activity without first demonstrating that he had a good faith reasonable belief that the alleged retaliator was engaging in discriminatory activity."  *Amir*, 184 F.3d at 1025.  Mr. Stebbins's second amended complaint lists seven federal "ADA discrimination lawsuits" that he filed in 2010 and 2011 (Dkt. No. 19, at 3-5).  The Court determines that Mr. Stebbins has pleaded facts sufficient at this stage of the litigation for the Court to infer reasonably that he engaged in protected activity.

Second, defendants argue that Mr. Stebbins fails to plead facts allowing a reasonable inference of causation.  Defendants also contend that Mr. Stebbins must plead facts allowing a reasonable inference that they knew of the alleged protected conduct.  The Court determines, and Mr. Stebbins appears to accept, that defendants' knowledge of the alleged protected conduct is relevant to causation (Dkt. No. 18, at 6 ("After all, how can the Defendants possibly retaliate against a protected activity they do not even know about?")).  Mr. Stebbins has alleged that he was arrested in Boone County on November 24, 2011, for domestic battery; that he was incarcerated for 165 days; that the charges against him were dismissed; that he has filed numerous lawsuits in the past alleging discrimination in violation of the ADA; and that prosecutor Mr. Bradford offered him a guilty plea requiring him to dismiss all pending *pro se*

lawsuits (*see* Dkt. No. 19).  The Court agrees with defendants that Mr. Stebbins has failed to plead sufficiently causation.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Regarding Mr. Stebbins's arrest, Mr. Stebbins's vague allegations of a broad conspiracy to arrest him to stop his lawsuits do not support a reasonable inference of causation on the part of defendants.  In support of his conspiracy allegations, Mr. Stebbins alleges that a Boone County jailer "freely admitted . . . that Plaintiff was incarcerated because of his lawsuits" when he stated, "You've been allowed to abuse the legal system because people felt sorry for you!  And now the system is gonna give you a big ass-raping!" (*Id.* at 13).  Even if true, this statement does not show an admission on the part of the jailer regarding the reason Mr. Stebbins was then incarcerated; it merely shows the jailer's views on the merits of Mr. Stebbins's prior involvement with the legal system and criminal prosecution.

Further, Mr. Stebbins's factual allegations against his former landlord and father, even if true, do not support a reasonable inference of a conspiracy to arrest him that included defendants. There is no factual support for a connection between the allegations against his father and former landlord and his arrest.  Likewise, although Mr. Stebbins makes no factual allegations against Governor Beebe directly regarding his ADA or Rehabilitation Act retaliation claims, Mr. Stebbins seems to imply that Governor Beebe was part of the conspiracy to arrest him.  Again, though, there are no factual allegations to support this.

Mr. Stebbins's remaining factual allegations are against Mr. Bradford, acting on behalf of the State of Arkansas, and relate to Mr. Stebbins's prosecution.  *See* Ark. R. Crim. P. 1.5 ("All prosecutions for violations of the criminal laws of this state shall be in the name of the State of

Arkansas . . . ."). Specifically, Mr. Stebbins alleges that Mr. Bradford deficiently handled the criminal prosecution and, instead of focusing on the crime allegedly committed by Mr. Stebbins, purportedly focused on Mr. Stebbins's past litigation, including alleged ADA litigation. Mr. Stebbins alleges that this is shown by Mr. Bradford originally offering a plea agreement that required, among other conditions related to the crime allegedly committed by Mr. Stebbins, Mr. Stebbins to dismiss all of his pending *pro se* lawsuits. Mr. Stebbins alleges that Mr. Bradford refused to negotiate on this provision of the proposed plea agreement for some time, although Mr. Stebbins admits that this provision was not in the final plea agreement.

The alleged protected conduct to which Mr. Stebbins refers is his filing of seven federal "ADA discrimination lawsuits" in 2010 and 2011 against various defendants, none of which are defendants here. Mr. Stebbins attempts to allege in a conclusory fashion that Mr. Bradford knew of Mr. Stebbins's purportedly protected conduct—these seven federal "ADA discrimination lawsuits." Mr. Stebbins does not allege how Mr. Bradford obtained notice of the various lawsuits that Mr. Stebbins identifies, beyond the fact that as an attorney Mr. Bradford had access to such records. Neither does Mr. Stebbins contend that these "ADA discrimination lawsuits" were the only *pro se* lawsuits he filed, which might tend to infer that they were the target of the plea agreement condition. The Court notes that, in reciting the events that led to his arrest and prosecution, Mr. Stebbins also discusses threatening to file or filing a lawsuit or lawsuits against his parents as a result of his living conditions and internet connection (Dkt. No. 19, at 8). The Court determines that Mr. Stebbins's allegations do not support a reasonable inference that Mr. Bradford prosecuted Mr. Stebbins due to Mr. Stebbins's alleged protected activity and not the alleged crime.

For these reasons, the Court determines that Mr. Stebbins has not stated an ADA or Rehabilitation Act retaliation claim against defendants upon which relief may be granted.  Mr. Stebbins's retaliations claims are dismissed without prejudice.

### 2.    42 U.S.C. § 1983 Claims

Arguing that Governor Beebe is an appropriate party, Mr. Stebbins states that "Beebe is a Defendant so that Plaintiff can, if he secures a jury verdict in his favor, turn around at [sic] petition the Court for an injunction to cease and desist the State's custom of ignoring prosecutorial misconduct (because, again, that is the adverse action, not merely the arrest itself)" (Dkt. No. 10, at 7).  Based on this language and other language in the original complaint that was incorporated by reference in the second amended complaint, it appears that Mr. Stebbins attempts to bring a 42 U.S.C. § 1983 claim against defendants (*see* Dkt. Nos. 2, at 17-22, 19, at 1-2).

Defendants move to dismiss Mr. Stebbins's 42 U.S.C § 1983 claim, to the extent he attempts to bring one, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  Mr. Stebbins does not respond to defendants' motion to dismiss his § 1983 claims.  Section 1983 provides a plaintiff with a remedy against persons who, acting under color of state law, deprive plaintiff of a right, privilege, or immunity secured by the U.S. Constitution or federal law.  However, neither states nor state officials in their official capacity are persons within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  Further, "the comprehensive enforcement mechanisms provided under § 504 and the ADA suggest Congress did not intend violations of those statutes to be also cognizable under § 1983."  *Davis v. Francis Howell Sch. Dist.*, 104 F.3d 204, 206 (8th Cir. 1997).  Accordingly, to

the extent that Mr. Stebbins intends to bring a § 1983 claim against defendants, those claims are dismissed with prejudice.

### III.    Motions For Sanctions And Motion To Clarify

Mr. Stebbins argues that defendants must be sanctioned because their motions to dismiss requested that plaintiff's original complaint be dismissed "in its entirety with prejudice" based solely on Mr. Stebbins purportedly not including enough details in his complaint; (2) defendants violated Rule 11 in filing their motions to dismiss by not performing an inquiry reasonable under the circumstances; (3) presenting the motions for the improper purpose of causing unnecessary delay; and (4) intentionally ignoring and misconstruing factual allegations made in the complaint and the law controlling Mr. Stebbins's claims.

Contrary to Mr. Stebbins's assertions, defendants' motions to dismiss were not based solely on Mr. Stebbins's failure to allege facts upon which relief may be granted.  Defendants also argued that certain claims in Mr. Stebbins's complaint were barred by sovereign immunity, that defendants are not persons within the meaning of 42 U.S.C. § 1983, and that violations of the ADA and Rehabilitation Act are not cognizable under § 1983.  Further, the Court finds that defendants performed an inquiry reasonable under the circumstances and did not intend to cause unnecessary delay or intentionally ignore or misconstrue factual allegations or controlling law. Therefore, the Court denies Mr. Stebbins's motions for sanctions (Dkt. Nos. 11, 26).

Lastly, because the Court grants defendants' third motion to dismiss for failure to state a claim, the Court denies as moot Mr. Stebbins's motion to clarify (Dkt. No. 28).  Neither the Court nor defendants are required to advise Mr. Stebbins on what factual allegations to plead in his complaint or how to plead them.

*       *       *

For the reasons above, the Court denies as moot defendants' first two motions to dismiss for failure to state a claim (Dkt. Nos. 8, 15) and Mr. Stebbins's motion to clarify (Dkt. No. 28); grants defendants' third motion to dismiss for failure to state a claim (Dkt. No. 22); and denies Mr. Stebbins's motions for sanctions (Dkt. Nos. 11, 26). Mr. Stebbins's ADA and Rehabilitation Act retaliation claims against defendants are dismissed without prejudice. Mr. Stebbins's § 1983 claims against defendants are dismissed with prejudice, to the extent he intends to bring such claims.

SO ORDERED this the 31st day of March, 2015.

KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE